**Allen R. LANDRUM,**
**Petitioner-Appellant,**

v.

**WARDEN, FEDERAL CORRECTIONAL INSTITUTION, SEAGOVILLE, TEXAS, et al., Respondents-Appellees.**

No. 79–3991
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.
Unit A.

Aug. 8, 1980.

Tom Mills, Elizabeth Unger Carlyle, Dallas, Tex., for petitioner-appellant.

Jimmy L. Tallant, Asst. U. S. Atty., Fort Worth, Tex., for respondents-appellees.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Petitioner Allen R. Landrum appeals the district court's dismissal without prejudice of his petition for a writ of habeas corpus for failure to exhaust administrative remedies. Although Landrum's petition perhaps should not have been dismissed for failure to exhaust administrative remedies, there is no merit to the legal contentions raised in his petition and we therefore affirm.

Landrum was convicted of distribution of a controlled substance and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). He

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

was initially sentenced to a three-year term of imprisonment, a two-year special parole term, and five years of probation. His conviction was affirmed on appeal, *U. S. v. Landrum*, 585 F.2d 519 (5th Cir. 1978), cert. denied, 441 U.S. 909, 99 S.Ct. 2003, 60 L.Ed.2d 379 (1979), and he began serving his sentence on January 8, 1979.

On February 26, 1979, after an initial parole consideration hearing, Landrum was told that he would not be eligible for parole prior to service of at least 26 months.[1] Shortly thereafter, the trial judge granted Landrum's request for resentencing, modifying the sentence from three years to two years of imprisonment, and utilizing 18 U.S.C. § 4205(b)(2), which permits the United States Parole Commission to consider parole eligibility prior to expiration of one-third of a prison term. In light of this development, Landrum sought reconsideration of the commission's initial determination. His request was denied, however, as the trial judge's modification of the sentence was not based on new facts concerning the offense. The parole commission therefore adhered to its original view that Landrum would not be eligible for parole prior to expiration of 26 months in prison, effectively eliminating possibility of release prior to the end of his two-year term. Landrum appealed this decision to the regional commissioner of the parole commission, who affirmed the initial decision on April 25, 1979. Rather than appealing to the national appeals board, Landrum filed a petition for a writ of habeas corpus. In October 1979 this petition was dismissed without prejudice for failure to exhaust administrative remedies.

Landrum argues that an appeal to the national appeals board would have been futile, and that in any event he was entitled to judicial relief because he was fast approaching the completion of one-third of his prison term and would therefore be eligible for parole under 18 U.S.C. § 4205(b)(2). The government argues that there was an administrative appeal that was not prosecuted, and therefore dismissal for want of exhaustion of administrative remedies was proper. *See, e. g., McKart v. United States,* 395 U.S. 185, 192–201, 89 S.Ct. 1657, 1661–1666, 23 L.Ed.2d 194 (1969). Under 28 C.F.R. § 2.26, however, an appeal to the national appeals board from a regional commissioner's decision must be made within 30 days. As 30 days has long since passed in this case, petitioner may indeed have no administrative remedy to exhaust. Dismissal for failure to exhaust administrative remedies, therefore, may have been improper. In any event, the district court must be affirmed as it is clear that Landrum has no valid argument on the merits of his petition.

Landrum argues that since he was resentenced under 18 U.S.C. § 4205(b)(2), a section which grants the parole commission considerable discretion in awarding parole,[2] he is entitled to a reconsideration of the parole commission's initial decision regard-

---

1. Landrum's "Notice of Action" from the parole commission gave this explanation for the commission's decision to deny parole prior to expiration of 26 months:

   Your offense behavior has been rated as very high severity because it involved the illegal distribution of over $5,000 worth of "Soft drugs" (phendimetrozine and phentermine). You have a salient factor score of 11. You have been in custody a total of 1 month. *Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 26–36 months* to be served before release for cases with good *institutional program performance and adjustment.* After review of all relevant factors and information presented, a decision outside the guidelines is not warranted. (Emphasis added.)

2. 18 U.S.C. § 4205(b) provides:

   Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the Commission may determine.

418

ing his parole. In particular, Landrum argues that the commission should consider his excellent institutional adjustment and rehabilitation in determining his eligibility for parole. There is no merit to such a contention.

In *Shahid v. Crawford*, 599 F.2d 666 (5th Cir. 1979), this court made it abundantly clear that "[t]he standards and criteria [for parole release] are made the same for all federal prisoners without regard to which of the three main sentencing alternatives is utilized by the court." *Id.* at 669. The initial parole board decision indicates that the examiners were well aware of Landrum's excellent institutional adjustment and lack of former criminal record. *Id.* at 670; see note 1 *supra*. As this court noted in *Shahid*, a sentence under § 4205(b)(2) merely grants the parole commission the discretion to release a prisoner prior to one-third of his term; it does not mandate early release for a prisoner with "superior institutional adjustment." *Id.* at 668–69. The court also emphasized that a sentencing judge has no "enforcible expectations" as to early release, and that the final decision lies with the parole commission, not the sentencing judge. *Id.* at 669. As Landrum's contention has no merit, the dismissal of his habeas petition by the district court is

AFFIRMED.