**Felix M. PAGE, Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMIS-SION, John W. Allman, Superintendent, et al., Respondents-Appellees.**

**No. 80–2145**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

July 27, 1981.

Felix M. Page, pro se.

Rebecca Gregory, Asst. U. S. Atty., Dallas, Tex., for respondents-appellees.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Felix M. Page, who is serving a four-year term in a federal prison, was denied parole by the United States Parole Commission. Believing that the Commission had acted incorrectly, he unsuccessfully sought relief from the regional commissioner and the National Appeals Board of the Commission. Having thus exhausted his administrative remedies, Page filed an application for habeas corpus relief under 28 U.S.C. § 2241. Adopting the report of the magistrate, the district court denied the application. We find no error in that denial and affirm the district court's decision.

Page was originally indicted in federal district court in New Mexico for smuggling cocaine. He pled guilty to a lesser offense of illegally using communication facilities to facilitate an unlawful cocaine transaction in violation of 21 U.S.C. § 843(b). In return for his plea, the government dismissed the charge for which he had been indicted. The district court sentenced Page to four years imprisonment.

After having served eight months of his sentence, Page was given a parole hearing by the Commission. The Commission rated Page's offense behavior as "Greatest I" severity due to his participation in a distribution operation involving 2.9 kilograms of 100% pure cocaine. Under such a severity rating, the Commission guidelines require incarceration for forty to fifty-two months. The Commission ruled that Page's imprisonment would continue until expiration of his sentence with a statutory interim hearing in July 1981.

Page now raises a number of issues, most of which we are able to consider. Initially, we will examine Page's contention that the Commission's guidelines are illegal. 18 U.S.C. § 4203(b)(1) gives the Commission the power to grant or deny parole. Page contends that the power to deny parole after a prisoner becomes eligible usurps the power of the sentencing judge. Clearly, the power to grant or deny parole has been vested by Congress in the Commission. This does not infringe upon the judiciary in any fashion. A denial of parole merely requires the prisoner to serve out the length of his sentence. The denial does not enhance the sentence imposed upon the prisoner by the court. Parole is only an expectation that may be granted by the Commission. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11, 99 S.Ct. 2100, 2105–2106, 60 L.Ed.2d 668, 677 (1979). A federal court may not reverse the decision of the Commission unless the latter involves flagrant, unwarranted, or unauthorized action. *United States v. Norton*, 539 F.2d 1082, 1083 (5th Cir. 1976), *cert. denied*, 429 U.S. 1103, 97 S.Ct. 1129, 51 L.Ed.2d 553 (1977).

Petitioner next contends that he was not granted a fair hearing since the Commission considered the facts surrounding the underlying smuggling charge which was dismissed in return for the plea bargain. Page claims that if the Commission had considered only the charge to which he pled guilty, his recommended incarceration period under the guidelines would be fourteen to twenty months. The Commission has the right to consider any evidence that existed at the time of sentencing including that of more serious counts which were dismissed pursuant to a plea bargain. *Bistram v. United States Parole Board*, 535 F.2d 329, 330 (5th Cir. 1976). Under 28 C.F.R. § 2.20(d), the Commission has the power to modify an offense rating if there are mitigating or aggravating circumstances involved. In the instant case, the Commission has remained within its own guidelines in considering evidence other than that surrounding the charge for which Page was found guilty. Additionally, any claim by Page that consideration by the Commission of any and all evidence relating to his offense amounts to a second trial violating double jeopardy is without merit. *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979).

Page also contends that he was denied due process because of the Commission's consideration of the underlying smuggling charge which was dismissed. Beyond the fact that the Commission has the authority to consider such factors, it has been held that a parole release decision does not invoke the protection of due process since the denial of parole does not amount to a loss of liberty. *Jackson v. Reese*, 608 F.2d at 160; *Brown v. Lundgren*, 528 F.2d 1050, 1053 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976). His loss of liberty occurred upon sentencing, which is a constitutionally valid deprivation. *Greenholtz*, 442 U.S. at 7, 99 S.Ct. at 2104, 60 L.Ed.2d at 675.

Next, Page claims that his reason for accepting the plea bargain was based upon the guarantee found in 18 U.S.C. § 4205(a) that a prisoner is eligible for parole after serving one-third of his sentence. Page intimates that any incarceration beyond the one-third point violates his plea bargain and the understanding he had at that time. Needless to say, this point is meritless. Page was lawfully sentenced to a prison term of four years. Congress has granted a prisoner parole eligibility after serving one-third of his sentence under 18 U.S.C. § 4205(a) and has allowed a judge to designate an earlier parole eligibility date under 18 U.S.C. § 4205(b)(1), but such eligibility is nothing more than an expectation *Greenholtz*, 442 U.S. at 11, 99 S.Ct. at 2105–2106, 60 L.Ed.2d at 677. A person has no right to release on parole. *Brown v. Lundgren*, 528 F.2d at 1054. The denial of parole in no way violated Page's plea bargain agreement.

Page's next argument is that the Commission failed to consider the dissimilarity in sentencing of his codefendant. Page's codefendant received a one-year sentence with six months suspended and three years probation following the serving of the remaining six months. This challenge is also without merit since the Commission specifically mentioned this factor in its hearing summary as the most mitigatory one in his case. Nonetheless, the Commission did not find it to be of sufficient weight to grant parole.

Page maintains that the Commission failed to take into account the sentencing judge's expectation of parole. Actually, there is no record of any expectation of the judge. Page concludes, however, that the absence of any recommendation by the district judge implies that the latter expected Page to receive parole after one-third of his sentence. First of all, no such inference can be gleaned from the record. Secondly, even if the judge had stated such expectations, they would amount to no more than that. A judge has no enforceable expectation as to the actual release date of a prisoner. That decision is solely within the realm of the Commission. *United States v. Addonizio*, 442 U.S. 178, 190, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805, 814 (1979).

 Page then claims that the Commission failed to consider his conduct as a model prisoner as well as his case manager's positive recommendation for parole. A history of model prison conduct is only one factor which the Commission examines, and the existence of such good behavior does not require the Commission to grant parole. *Landrum v. Warden, Federal Correctional Institution, Seagoville, Texas,* 623 F.2d 416, 418 (5th Cir. 1980); *Shahid v. Crawford,* 599 F.2d 666, 670 (5th Cir. 1979). This is equally true in the Commission's consideration of a case manager's recommendation, be it positive or negative.

 The petitioner also contends that the National Appeals Board failed to act on his case within the required time under 28 C.F.R. § 2.26(b) (1980). Page has shown no prejudice arising out of any alleged delay. The appeal was properly considered by the Board, and Page is not entitled to habeas corpus relief on this ground. *See Smith v. United States,* 577 F.2d 1025, 1029 (5th Cir. 1978) (failure of prisoner to request a hearing until after time for hearing had passed and failure to show prejudice resulting from delay does not entitle prisoner to habeas relief).

 Page also contends that the Commission failed to follow a number of its own procedural guidelines. While this court has the right to review such claims, *Brown v. Lundgren,* 528 F.2d at 1053, none of these challenges were presented to the district court. We are, thus, unable to consider these claims. *Pierre v. United States,* 525 F.2d 933, 936 (5th Cir. 1976); *Anderson v. State of Texas,* 507 F.2d 105, 106 (5th Cir. 1975).

Having examined all the challenges presented to the district court, we find them to be without merit.

AFFIRMED.