Billy N. CHADWICK

v.

Charles H. PILLARD, International President of the International Brotherhood of Electrical Workers (IBEW), a labor organization; Local Union 175, International Brotherhood of Electrical Workers, a local labor organization; Local Union 760, International Brotherhood of Electrical Workers, a local labor organization; Maurice A. Williams, Twelfth District International Vice-President of the IBEW; and E. E. Harvey, former Business Manager of IBEW Local 175.

No. CIV-1-81-301.

United States District Court, E. D. Tennessee, S. D.

Jan. 18, 1982.

74

Billy N. Chadwick, pro se.

S. Del Fuston, Chattanooga, Tenn., Lawrence J. Cohen, Sherman, Dunn, Cohen, Leifer, Washington, D. C., for defendants.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is a *pro se* action by the plaintiff, a former union member who was expelled from membership in the defendant local and international unions. Alleging his expulsion was in violation of rights secured to him under the Labor-Management Reporting and Disclosure Act (Landrum-Griffin Act) and in particular in violation of the right to freely express his views upon certain union matters as secured by Section 101(a)(4) of that Act [29 U.S.C. § 411(a)(4)], the plaintiff seeks injunctive, compensatory and other relief. The case is presently before the Court upon the defendants' motion to dismiss or for summary judgment (Court File # 4), upon the defendants' motion to stay discovery (Court File # 15) and upon motions by each party to continue and reset the scheduled final pretrial and trial of the lawsuit (Court File # 22 & # 27).

■ Turning first to the defendants' alternative motion to dismiss or for summary judgment, the motion seeks dismissal of the plaintiff's lawsuit for alleged lack of jurisdiction, asserting that the plaintiff fails to allege or establish exhaustion of the plaintiff's internal union remedies. The designation of the defendants' alternative motion as a motion for summary judgment is a misnomer. Being directed to the jurisdiction of the Court, rather than the merits of the lawsuit, it is a motion made pursuant to Rule 12(b), F.R.Civ.P., rather than a Rule 56, F.R.Civ.P. motion. It will be treated accordingly.

■ To the extent that the defendants seek dismissal of the plaintiff's action for failure to allege exhaustion of his union remedies, the motion to dismiss is without merit. Without summarizing all of the allegations of the complaint, it is sufficient to note that after averring various union adjudicative procedures seeking a resolution of the issues here being raised, the complaint concludes these allegations by averring that the plaintiff "has exhausted the remedies available to him within the union, for a period exceeding 11 months". (*See* Complaint, Court File # 1, ¶ 37)

Turning to the defendants' motion for summary judgment, and, for the reasons heretofore stated, treating the same as a motion to dismiss pursuant to Rule 12(b), it is necessary to determine the facts as established in the record now before the Court and relevant to the defendants' jurisdictional contention of failure on the part of the plaintiff to exhaust his internal union remedies. The record before the Court in this regard consists of a number of affidavits and counter-affidavits, as well as portions of the Court record in related proceedings in the United States District Court for the District of Columbia. The facts set forth in the foregoing record are involved and establish a rather extensive record of interunion proceedings and jurisdictional sparring. However, a brief summary of those facts will suffice for the decision of the present motion.

In 1978 the plaintiff, who is an electrician by trade, was a member of the IBEW and of the Knoxville, Tennessee Local of that Union, Local 760. In that year the plaintiff

obtained employment with the TVA in construction at the Watts Bar Nuclear Plant Project, located near Spring City, Tennessee. The Watts Bar Project was within the geographical area of the Chattanooga, Tennessee, local of the IBEW, Local 175. In addition to union dues paid by the plaintiff to Local 760, his home local, Local 175 sought to require payment by the plaintiff of "working dues" equal to 2% of his wages. The plaintiff protested the payment to Local 175 of the "working dues" and circulated a hand bill among fellow union members stating his protest. Both the plaintiff's failure to pay "working dues" and his protest of those dues resulted in union disciplinary action being taken against him and in his eventual expulsion from the union.

After various inter-union appellate procedures, extending over a period well in excess of four months, the plaintiff initiated judicial proceedings in the United States District Court for the District of Columbia against the defendants herein and sought relief in that case equivalent to the relief here being sought. In defense of that lawsuit, the defendant asserted lack of jurisdiction by reason of alleged failure on the part of the plaintiff to exhaust his internal union remedies. The District Court in the District of Columbia case concluded that the plaintiff had not exhausted his union remedies, sustained the defendants' motion and dismissed the action without prejudice and for lack of jurisdiction. Having found itself to be without jurisdiction, the District Court nevertheless went on to order that "the IBEW, Local 175 and Local 760 shall permit plaintiff Chadwick to pay off his outstanding indebtedness, if he is so inclined, and shall then permit him to appeal the issue of his expulsion."

██ To the extent that the last recited order in the District of Columbia case is relied upon by either party to this lawsuit as support for their respective position, it is sufficient to note that the order is a nullity, as a court without jurisdiction cannot order affirmative relief. The order dismissing the District of Columbia case for lack of jurisdiction is presently on appeal to the United States Court of Appeals of that circuit. Subsequent to the dismissal of the plaintiff's lawsuit in the District of Columbia case upon May 21, 1981, this lawsuit was filed in this court upon June 22, 1981.

██ In its present motion, and among other matters, the defendants assert that the plaintiff is estopped or precluded from asserting subject matter jurisdiction in this court by the adverse decision upon that issue in the District of Columbia case. While the decision of the District of Columbia court upon jurisdiction is persuasive, it is not binding upon this Court.

As regards the defendants' jurisdictional contention of lack of exhaustion of internal union remedies, the record reflects that in February 1979 the plaintiff was assessed working dues in the sum of $59.55 and was fined $200.00 for failure to pay such "working dues". In April of 1979 the plaintiff was expelled from the union for "publishing . . . false reports . . . ." Over the next 11 months the plaintiff appealed these decisions through various stages of union appellate procedure, only to have his appeal rejected at each stage for failure to pay the working dues assessment and fine. One or more tenders of the working dues assessment and fine were made by the plaintiff in the latter stages of the union appellate procedures, but these tenders were rejected by the union.

██ Exhaustion of internal union remedies as a condition to federal court jurisdiction under the Labor-Management Reporting and Disclosure Act is provided for in Section 411(a)(4) of Title 29 U.S.C., which section reads in relevant part as follows:

> "*Protection of the Right to Sue.*—No labor organization shall limit the right of any member thereof to institute an action in any court ... PROVIDED, that any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof . . . ."

The Sixth Circuit has construed this as follows:

"Under § 101(a)(4) [29 USC § 411(a)(4)] exhaustion of intra-union procedures is not mandatory in all cases. Federal courts have discretion to determine whether a litigant must pursue internal union remedies. When internal union remedies are inadequate or illusory, or when the union has taken a consistent position in opposition to that of a plaintiff, and exhaustion would therefore be futile, exhaustion is not required." *Verville v. International Ass'n of Mach. & Aero. Wkrs.*, 520 F.2d 615, 620 (6th Cir. 1975)

The exercise of the Court's discretion to require exhaustion of internal union remedies depends upon the reasonableness of such requirements in terms of the facts and circumstances of the particular case. The primary purposes of the principle of exhaustion of internal union remedies are to foster union self-regulation and to avoid judicial involvement on issues which may become moot. Exhaustion is not required when administrative remedies are inadequate.

"There cannot be any justification to make the public processes wait until the union member exhausts internal procedures plainly inadequate to deal with all phases of the complex problem concerning employer, union, and employee member. If the member becomes exhausted, instead of the remedies, the issues of public policy are never reached and an airing of the grievance never had." *N. L. R. B. v. Marine Workers*, 391 U.S. 418, 425, 88 S.Ct. 1717, 1722, 20 L.Ed.2d 706 (1968)

Upon the record in this case, the Court is of the opinion that the plaintiff has exhausted his "reasonable hearing procedures", that he has done so for a period in excess of four months, and that further resort to internal union remedies would be futile. The defendants' motion to dismiss for lack of jurisdiction by reason of failure to exhaust internal union remedies will accordingly be denied.

Having concluded that the defendants' jurisdictional motion is without merit, the defendants' motion to stay discovery will likewise be denied and the defendant will be required to respond to pending discovery requests pursuant to the requirements of the *Federal Rules of Civil Procedure.*

The cross-motions of the parties to continue the pretrial and trial of this lawsuit will be granted, with the lawsuit being reset for final pretrial upon June 18, 1982 and for trial upon July 8, 1982.

An order will enter accordingly.