**Donald B. STEERMAN,
Plaintiff/Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Defendant/Respondent.**

**No. C–84–1036 RFP.**

United States District Court,
N.D. California.

Aug. 17, 1984.

William M. Goodman, Topel & Goodman, San Francisco, Cal., for plaintiff-petitioner.

Gary A. Hall, Asst. U.S. Atty., San Francisco, Cal., for defendant-respondent.

## MEMORANDUM AND ORDER

PECKHAM, Chief Judge.

### INTRODUCTION

Plaintiff Steerman, a prisoner, has filed a petition for habeas corpus. For the reasons stated below, his petition is denied.

## FACTS

In 1980, plaintiff Steerman was charged with three counts of mail fraud and one count of malicious destruction of a building. The court dismissed the latter count on motion of the government, but a jury found plaintiff guilty of the mail fraud counts.

In plaintiff's presentence report, the government explained that the mail frauds occurred when plaintiff collected insurance proceeds following a 1977 fire that destroyed plaintiff's unprofitable store in Camden, New Jersey, and a 1978 fire that damaged plaintiff's unprofitable store in Oakland, California. According to the government, plaintiff had hired persons to set both fires. Sixty-two firemen, some of whom narrowly escaped injury, were involved in fighting the five-alarm Oakland fire. The services of over one hundred firemen were needed to extinguish the New Jersey fire in sub-zero weather.

On March 27, 1981, Judge Burke sentenced plaintiff to a total of ten years in prison. But Judge Burke later modified plaintiff's sentence, reducing it to five years and sentencing plaintiff under a statutory provision, 18 U.S.C. § 4205(b)(2) (1982), that made plaintiff immediately eligible for parole.

Plaintiff has been imprisoned since his conviction, and has been an excellent inmate. He has earned all possible good time credit, and has reportedly improved his outlook and appearance. But, according to a brief that his attorney has filed, his family is in dire straits, having no assets. His former wife is the family's sole means of support, and she is earning a minimal income. Because she must work, she can give little attention to the teenage children. Significantly, plaintiff's presentence report makes clear that plaintiff is a devoted father.

On August 2, 1983, two hearing examiners from the Parole Commission conducted an initial parole hearing for plaintiff. At the hearing, plaintiff admitted that he was responsible for having the New Jersey and Oakland fires set. The examiners rated plaintiff's offense severity at five. The examiners also gave plaintiff a salient factor score, which is a measure of the likelihood that a prisoner will remain at liberty without violating the terms of his release. Plaintiff's score was ten, which indicated that he was a very good parole risk.

The two examiners split over the appropriate recommendation. Examiner Bernard, concerned about the severity of plaintiff's offenses, recommended that plaintiff be imprisoned until his mandatory release date. But plaintiff's excellent record in prison convinced Examiner Blalock to recommend that plaintiff be paroled after serving 32 months. The examiners prepared a detailed parole report, which included information about plaintiff's offenses, his behavior in prison, his devotion to his family, and other matters.

The Regional Commissioner essentially chose to follow Examiner Bernard's recommendation, issuing a ruling that stated:

> Your offense behavior has been rated as Category Six severity because it involved the arson of two buildings. Your salient factor score (SFS–81) is 10. You have been in custody a total of 18 months. Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 40–52 months to be served before release for good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

Plaintiff received a written copy of the Regional Commissioner's ruling.

Plaintiff then appealed the decision to the Parole Commission's National Appeals Board. The National Appeals Board affirmed the decision on the length of time that plaintiff would have to serve. But it gave different reasons, stating:

> Your offense behavior has been rated as Category Seven severity because it involved the arson of two buildings. Your salient factor score is 7 .... You have been in custody a total of 23 months.

Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 64–92 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted; however you have a mandatory release date which is below your guideline range.

Plaintiff was notified of the ruling and reasons given in support of it.

Having exhausted his administrative remedies, plaintiff filed a petition for a writ of habeas corpus. Thereafter, the court issued an order to show cause, the parties submitted briefs, and the court held a hearing on plaintiff's petition.

### LEGAL ANALYSIS

■ In the memorandum of points and authorities that plaintiff's counsel submitted along with plaintiff's petition, plaintiff's counsel advances three arguments for issuance of a writ of habeas corpus:[1] (1) the Commission improperly based plaintiff's offense severity rating on offenses for which he was not charged; (2) the National Appeals Board modification of the reasons for the decision in plaintiff's case violated a provision in the Commission's Manual of Procedures; and (3) the Commission failed to consider the intent of the sentencing judge, plaintiff's post-incarceration behavior, and the plight of plaintiff's family. None of the three arguments is persuasive.

### I. *Propriety of Offense Severity Rating*

The Code of Federal Regulations sets forth rules for assigning offense severity ratings. *See* 28 C.F.R. § 2.20. Under those rules, the Parole Commission is to give a rating of five to mail fraud offenses as serious as the ones of which plaintiff was convicted. But the Commission is to assign an offense severity rating of six to arson of a building, and a rating of seven to two separate such arsons. Plaintiff argues that the Commission should have based his offense severity rating on his mail fraud offenses, not on the crime of arson, because he was not convicted of arson.

Many courts, including the Ninth Circuit, have ruled, however, that when the Commission assigns an offense severity rating, it may consider offenses other than the ones of which the prisoner was convicted. *See, e.g., Arias v. United States Parole Comm'n*, 648 F.2d 196, 199–200 (3d Cir. 1981); *Page v. United States Parole Comm'n*, 651 F.2d 1083, 1086 (5th Cir. 1981); *Grattan v. Sigler*, 525 F.2d 329, 331 (9th Cir.1975). "[T]he function of the board is not limited to search[ing] for indictments and convictions, but it must determine whether a prisoner is a fit subject for release." *McArthur v. United States Bd. of Parole*, 434 F.Supp. 163, 167 (S.D. Ind.1976), *aff'd*, 559 F.2d 1226 (7th Cir. 1977). Like a sentencing judge, "the Parole Board ... is concerned with all facets of a prisoner's character, make-up and behavior, [and is therefore] entitled to be fully advised of the contents of the presentence report and to use it in giving an offense severity rating." *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 944 (2d Cir.1976).

■ In the present case, the presentence report includes information showing that on two separate occasions plaintiff was responsible for arson of a building. Moreover, plaintiff admitted to Examiners Blalock and Bernard that he had arranged to have two of his stores set on fire. Thus,

---

1. Plaintiff's petition, as opposed to his memorandum of points and authorities, includes an additional argument: He claims that the Parole Commission violated due process by failing to provide an adequate statement of reasons for its decision. But the Ninth Circuit and other courts have upheld Parole Commission decisions involving statements no more elaborate than the ones rendered in plaintiff's case. *See Reynolds v. McCall*, 701 F.2d 810, 812–13 (9th Cir.1983); *Bowles v. Tennant*, 613 F.2d 776, 778 (9th Cir.1980); *Shahid v. Crawford*, 599 F.2d 666, 668, 672 & 672 nn. 8 & 9 (5th Cir.1979). Thus, that claim has no merit.

the National Appeals Board acted properly in giving plaintiff an offense severity rating of seven, rather than the rating of six that he initially received or the rating of five that he contends he should have received.

## II. *Validity of Modification of Releases*

■ Plaintiff's second argument is that the National Appeals Board violated section 2.26–07 of the Parole Commission's Manual of Procedures by rendering a more adverse decision than the one that plaintiff appealed from. But section 2.26–07 provides:

No appeal by a prisoner shall result in a more adverse decision (*i.e., a longer set off*). However, if the National Appeals Board feels that the prisoner has received an inappropriately lenient decision, they may affirm the order and note their opinion as part of the reasons for denial.

(Emphasis added.) The actions of the National Appeals Board were in complete accordance with that section: The National Appeals Board affirmed the previous ruling on the length of time that plaintiff should serve, but explained that because the Regional Commissioner had initially accorded plaintiff an offense severity rating of six, he had received an inappropriately lenient decision. Plaintiff is therefore mistaken in his contention that the National Appeals Board failed to comply with section 2.26–07.

## III. *Alleged Failure to Consider the Intent of the Sentencing Judge, Plaintiff's Post-Incarceration Behavior, and the Plight of Plaintiff's Family*

Finally, plaintiff maintains that the Parole Commission erred in failing to consider Judge Burke's intentions as the sentencing judge, plaintiff's exceptionally good behavior in prison, and the adverse circumstances confronting plaintiff's family. In making that argument, plaintiff claims that when Judge Burke sentenced plaintiff under the statutory section making plaintiff immediately eligible for parole, the judge effectively indicated that plaintiff's post-incarceration conduct should be a primary factor in determining plaintiff's release date.

The Supreme Court has made clear, however, that a sentencing judge "has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term." *United States v. Addonizio,* 442 U.S. 178, 190, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979). For that reason, the Ninth Circuit has expressly rejected the contention that when a sentencing judge makes a defendant eligible for early parole, the Parole Commission must base its parole decisions solely on the defendant's institutional behavior. *See Izsak v. Sigler,* 604 F.2d 1205, 1207–08 (9th Cir.1979).

■ Further, the Parole Commission *did not* ignore plaintiff's good institutional performance in making its decision. Indeed, Examiners Blalock and Bernard made much of plaintiff's excellent behavior in their report, and both the Regional Commissioner's decision and the National Appeals Board decision make clear that the guidelines used in setting plaintiff's release date only apply to prisoners with good institutional program performance and adjustment. More acknowledgment of superior institutional behavior is not required. *See, e.g., Campbell v. United States Parole Comm'n,* 704 F.2d 106, 113 (3d Cir. 1983); *Landrum v. Warden, Federal Correctional Institution, Seagoville, Texas,* 623 F.2d 416, 418 (5th Cir.1980); *Shahid v. Crawford,* 599 F.2d 666, 670 (5th Cir.1979). Moreover, plaintiff has presented no evidence documenting the allegedly difficult circumstances facing his family, and has cited no case authority for the proposition that the Parole Commission must consider adverse family situations in making its decisions.

■ In sum, there is no basis for finding that the Commission's decision was arbitrary and capricious. Absent a showing that the Commission acted in an arbitrary and capricious manner, the court must uphold the Commission's decision. *See, e.g.,*

*Reynolds v. McCall,* 701 F.2d 810, 813 (9th Cir.1983); *Hatton v. Keohane,* 693 F.2d 88, 90 (9th Cir.1982).

## CONCLUSION

Plaintiff has presented no convincing arguments for overturning the Parole Commission's decision. Accordingly, plaintiff's request for a writ of habeas corpus is denied.

SO ORDERED.