805 F.2d 1036
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maria Elena SILVA, Plaintiff-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Defendant-Appellee.
 No. 85-5933.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1986.
 
 Before KEITH, MARTIN and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Maria Elena Silva timely filed this pro se appeal from the October 7, 1985 Order of the district court adopting the Report and Recommendation of the Magistrate and denying her petition for writ of habeas corpus. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Silva, a federal prisoner at the Correctional Institution in Lexington, Kentucky, is serving an eight-year prison term following her guilty plea to two counts of a seventeen-count indictment in the United States District Court for the Southern District of Florida. More specifically, Silva pled guilty to Count Two of the indictment which charged her with receiving stolen goods and chattels from an interstate shipment, and to Count Five, which charged her with possessing cocaine with intent to distribute. On February 23, 1984, the court imposed an eight-year sentence with regard to Count Two and withheld the imposition of sentence with regard to Count Five and placed Silva on 5 years probation following her incarceration.
 
 
 3
 In June, 1984, Silva was afforded an initial parole determination hearing at which her case was evaluated under the parole guidelines set forth in 28 C.F.R. Sec. 2.20. Her offense behavior was rated as Category Six severity because it involved more than one kilogram of pure cocaine with a non-peripheral role and stolen property; she was given a salient factor score of 8. The Commission guidelines established for adult cases considering the above factors indicated a range of 40-52 months to be served before release. By Notice of Action dated July 6, 1984, the Commission informed Silva that she would be continued for a presumptive parole after service of 52 months. A decision outside the Commission guidelines was found not to be warranted. The decision of the hearing panel was affirmed on appeal to both the Regional Commission and the National Appeals Board.
 
 
 4
 After exhausting these administrative remedies through the Parole Commission, Silva filed her petition for writ of habeas corpus alleging that the Parole Commission erroneously considered the term of probation in establishing her severity offense rating and her parole release date. Specifically, Silva contends that because she was given probation on Count Five, the Parole Commission should consider only the offense for which she was sentenced to a term of incarceration. In so doing, the Commission would use a lower guideline range in establishing a presumptive parole release date. The district court found these arguments to be without merit and dismissed Silva's habeas petition.
 
 
 5
 18 U.S.C. Sec. 4206 authorizes the Parole Commission to consider total offense severity. Therefore, it was appropriate for the Commission to consider Silva's connection with the possession of cocaine for distribution charge, although she received probation on that count. According to the district court, the presentence report (which was included in the record for in camera inspection) reveals Silva's serious involvement in a scheme to sell large amounts of cocaine as well as stolen goods. The Parole Commission was entitled to the benefit of that information in making its parole decision. As the Court stated in Billiteri v. United States Board of Parole, 541 F.2d 938 (2d Cir.1976):
 
 
 6
 "If, ... the sentencing judge is not limited to a consideration of only that criminal conduct of the defendant which related to the offense for which he was convicted, the Parole Board, which is concerned with all facets of a prisoner's character, makeup and behavior, is, a fortiori, certainly entitled to be fully advised of the contents of the presentence report and to use it in giving an offense severity rating and for such other purposes that it finds necessary and proper."
 
 
 7
 Id. at 944. Also see Borre v. Garrison, 536 F.Supp. 75, 79 (E.D.Va.1982), affirmed 691 F.2d 492 (4th Cir.1982). Moreover, the Parole Commission has specific statutory authority to consider the information contained in the presentence report along with any other information when making its decision. 18 U.S.C. Sec. 4207. See Page v. United States Parole Commission, 651 F.2d 1083 (5th Cir.1981); Arias v. United States Parole Commission, 648 F.2d 196 (3rd Cir.1981); United States ex rel. Goldberg v. Warden, Allenwood Federal Prison Camp, 622 F.2d 60 (3rd Cir.), cert. denied, 449 U.S. 871 (1980). The factual findings of the Commission in reliance upon this proper information whereby it reached its parole decision are not subject to further review by the Courts. Farkas v. United States, 744 F.2d 37 (6th Cir.1984).
 
 
 8
 Accordingly, it is ORDERED that the judgment of the district court is affirmed. Sixth Circuit Rule 9(d)(3).