United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-50436
Summary Calendar

RICHARD GORDON BANNISTER,

Petitioner-
Appellant,

versus

DENNIS SMITH, FCI La Tuna, Warden,

Respondent-
Appellee.

--------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CV-300
--------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

    Richard Gordon Bannister, federal prisoner # 18907-051, moves this court for leave to appeal

in forma pauperis (IFP) following the district court's dismissal of his 28 U.S.C. § 2241 petition,

wherein he challenged a parole determination by the United States Parole Commission. The district

court denied IFP, certifying that the appeal was not taken in good faith. Bannister's motion for IFP

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is construed as a challenge to the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Bannister argues that the Parole Commission failed to conduct an initial hearing within the prescribed time, failed to return a timely decision after the initial hearing, and delayed in providing him notice of its decision on the initial hearing. He further argues that the Parole Commission miscalculated his offense severity rating, failed to respond to his administrative appeal within the prescribed time, returned a more adverse decision on appeal, and failed to provide an adequate explanation for its decision on appeal.

A federal court may not reverse the decision of the United States Parole Commission unless the decision involves flagrant, unwarranted, or unauthorized action. *Page v. United States Parole Comm'n*, 651 F.2d 1083, 1085 (5th Cir. 1981). Based on a review of the record, we conclude that Bannister fails to show prejudice from the alleged delays in the hearing and action by the Parole Commission. *See id.* at 1087. Further, the Commission's action with respect to determining Bannister's parole release date based on aggravating factors was within its authorized discretion. *See Brown v. Lundgren*, 528 F.2d 1050, 1055 (5th Cir. 1976). Bannister fails to show that the Commission's decision involved flagrant, unwarranted, or unauthorized action. *See Page*, 651 F.2d at 1085.

Bannister has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)(internal quotation marks and citation omitted). Accordingly, his motion for authorization to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

MOTION FOR IFP DENIED; APPEAL DISMISSED.