**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 4, 2009

Charles R. Fulbruge III
Clerk

No. 07-41029

ALFRED ELLIOTT

Petitioner-Appellant

v.

FRANCISCO J. QUINTANA, Deputy Warden

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-405

Before JONES, Chief Judge, and HIGGINBOTHAM and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alfred Elliott, federal prisoner # 97965-024, appeals the denial of his 28 U.S.C. § 2241 petition challenging the procedures used to modify his parole. We affirm.

Elliott argues that the United States Parole Commission (the Commission) contravened 28 C.F.R. § 2.28(f) by scheduling his case for special reconsideration without the concurrence of two parole commissioners. He also argues that the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Commission's decision to delay his parole date violated 18 U.S.C. § 4203(c) and 28 C.F.R. § 28.13(c) because the Commission failed to obtain the concurrence of two hearing examiners. These arguments were raised neither in Elliott's appeal before the National Appeals Board nor in his § 2241 petition; they were instead raised for the first time in his summary judgment motion and were not addressed by the district court. Our authorities are split on whether the district court had to construe the inclusion of new arguments in the summary judgment motion as a motion to amend the pleadings. *Compare Cutrera v. Louisiana State Univ.*, 429 F.3d 108,113 (5th Cir. 2005), with *Ganther v. Ingle*, 75 F.3d 207, 211–12 (5th Cir. 1996). Even assuming that the district court should have treated Elliot's summary judgment motion as embodying a motion to amend, and that the court should have granted it, the "motion" may be denied where granting the amendment would be futile. *Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *see also Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981) ("Clearly, if the complaint as amended would still be subject to dismissal, no abuse of discretion occurs when amendment is denied."). Because Elliott did not raise these arguments before the National Appeals Board, he failed to exhaust his administrative remedies, *Fuller v. Rich*, 11 F.3d 61 (5th Cir. 1994), and the district did not abuse its discretion in implicitly denying Elliott's motion to amend his petition.

Elliott also argues that he did not receive timely notice of his special reconsideration hearing. However, the record discloses, and Elliott has shown, no prejudice arising therefrom. He has accordingly not "show[n] that the action of the [B]oard was so unlawful as to make his custody in violation of the laws of the United States" and is not entitled to habeas relief. *Brown v. Lundgren*, 528 F.2d 1050, 1054 (5th Cir. 1976). Elliott's contention that he was entitled to prehearing disclosure of Kathleen Pinner's memorandum recommending that his case be reopened based on new information is baseless because that memorandum only provided the basis for authorizing the reconsideration

hearing but was not used by the Commission in making its parole determination. *See* 18 U.S.C. § 4208(b); 28 C.F.R. § 2.55(g). Because Elliott raises for the first time on appeal the issue of his entitlement to a representative at his special reconsideration hearing, we do not consider that claim. *See Page v. United States Parole Comm'n*, 651 F.2d 1083, 1087 (5th Cir. 1981). Elliott further argues that he received insufficient notification of the reasons supporting the decision to retard his parole date. The record supports a determination that his notice was adequate. *See Shahid v. Crawford*, 599 F.2d 666, 668, 671–72 (5th Cir. 1979). Regardless, he has shown no prejudice and indeed does not challenge the substance of the ruling.

Finally, we reject Elliott's contention that the information contained in the United States Department of Justice letter was not "new" adverse information for purposes of § 2.28(f). The information contained in the letter was not considered in making his initial parole determination and could serve as a basis for reopening his proceedings. *Cf. Schiselman v. United States Parole Comm'n*, 858 F.2d 1232, 1238-39 (7th Cir. 1988) (holding that information in existence but not considered at an initial parole hearing may nevertheless may be used at a special reconsideration hearing as "new" information to retard an inmate's parole date); *Fardella v. Garrison*, 698 F.2d 208, 211 (4th Cir. 1982) (same); *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981) (holding that while the substance of the sentencing hearing was presented to the Commission at the parole hearing, the sentencing transcript and the summary report prepared by the prosecutor had not been considered by the Commission and, therefore, was deemed new evidence); *McClanahan v. Mulcrome*, 636 F.2d 1190, 1191 (10th Cir. 1980) (holding that "[t]he discovery of an error in the severity rating and the disparity in parole decisions as to codefendants can be considered as 'new' when the elements are brought together before the Commissioner").

**AFFIRMED; MOTION TO EXPEDITE APPEAL DENIED.**