Gabriel HOUSTON, Petitioner–Appellant

v.

Jody UPTON, Warden, Respondent–Appellee.

No. 11–40967

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 14, 2012.

---

**23.** *Id.*

**24.** *See United States v. Guillermo Balleza,* 613 F.3d 432, 435 (5th Cir.2010) (quoting 18 U.S.C. § 3553(a)(6)).

**25.** *Id.*

**420**

Gabriel Houston, Beaumont, TX, pro se.

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Gabriel Houston, federal prisoner # 57688–180, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his sentence for being a felon in possession of a firearm. Houston contends that his claim that he is actually innocent of a sentence enhancement is cognizable in a § 2241 petition and, alternatively, falls within the savings clause of 28 U.S.C. § 2255(e).

We review a district court's dismissal of a § 2241 petition de novo. *Pack v. Yusuff,*

218 F.3d 448, 451 (5th Cir.2000). "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452. "Section 2255 contains a 'savings clause,' which acts as a limited exception to this general rule." *Id.;* § 2255(e).

■ Houston's arguments that his claim is cognizable in a § 2241 petition because the Bureau of Prisons classified him as posing a threat to public safety based on the enhancement and his § 2241 petition falls within the savings clause based on the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), will not be considered because these arguments are raised for the first time on appeal. *See Wilson v. Roy,* 643 F.3d 433, 435 n. 1 (5th Cir.2011) (citing *Page v. U.S. Parole Comm'n,* 651 F.2d 1083, 1087 (5th Cir. Unit A July 27, 1981) (per curiam), *cert. denied,* —— U.S. ——, 132 S.Ct. 1062, 181 L.Ed.2d 779 (2012) (No. 11–7577)).

■ Houston's claim that he is "actually innocent" of the sentence enhancement attacks the manner in which his sentence was initially determined. Therefore, he had to meet the requirements of the savings clause of § 2255(e) to raise this claim in a § 2241 petition. *See Kinder v. Purdy,* 222 F.3d 209, 212 (5th Cir.2000). Houston's claim of actual innocence of a sentencing enhancement does not satisfy the savings clause because the claim does not rely on a retroactively applicable Supreme Court decision showing that he was convicted of a nonexistent offense. *See Padilla v. United States,* 416 F.3d 424, 427 (5th Cir.2005); *Reyes–Requena v. United*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States,* 243 F.3d 893, 904 (5th Cir.2001); *Kinder,* 222 F.3d at 213–14.

The district court's judgment is AFFIRMED.