**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 15-10773
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2016

Lyle W. Cayce
Clerk

EDWARD SANCHEZ,

Petitioner-Appellant,

v.

RODNEY W. CHANDLER,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-458

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Edward Sanchez, federal prisoner # 35757-044, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. Because Sanchez fails to challenge the district court's determination that it lacks jurisdiction, we AFFIRM.

Sanchez attacks the validity of his sentence in his § 2241 petition. A petitioner can attack the validity of his conviction and sentence in a § 2241 petition if he can meet the requirements of the savings clause of § 2255(e).[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Because Sanchez is proceeding under § 2241, he is not required to obtain a COA to pursue his appeal. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A writ of habeas corpus filed under § 2241 and a motion to vacate, set aside, or correct a sentence filed under § 2255 are "distinct

No. 15-10773

*Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). The petitioner shoulders the burden of affirmatively showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). To make this showing, the petitioner must establish that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Sanchez does not challenge the district court's determination that he failed to show that his claim was based on a retroactively applicable Supreme Court decision. Accordingly, he has failed to demonstrate any error in the district court's dismissal of his § 2241 petition.[2] *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.

---

mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is the primary mechanism for collaterally attacking a federal sentence, while § 2241 is the proper procedural vehicle for challenging the manner in which a sentence is executed. *Id*. Because Sanchez's § 2241 claims attacked the validity of his sentence, the district court did not err in determining that the claims would be properly brought in a § 2255 motion thus that § 2255(e)'s savings clause requirements must be met in order for Sanchez to bring his § 2241 petition. *See id*.

[2] Sanchez argues for the first time on appeal that the enhancement of his sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(iii) was unconstitutional because he was not given sufficient notice of the enhancement and because the district court failed to properly inquire about the prior conviction on which the enhancement was based. We normally do not consider § 2241 claims made for the first time on appeal. *Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011) (refusing to entertain § 2241 arguments when raised for the first time on appeal) (citing *Page v. U.S. Parole Comm'n*, 651 F.2d 1083, 1087 (5th Cir. Unit A 1981)).