# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2020

Lyle W. Cayce
Clerk

No. 19-50410
Summary Calendar

WILLIAM RICHARD BELL,

Petitioner-Appellant

v.

THOMAS E. BERGAMI, Warden, La Tuna Federal Correctional Institution,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CV-108

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

William Richard Bell, federal prisoner # 42762-298, appeals the district court's denial of his 28 U.S.C. § 2241 petition, challenging the denial by the Bureau of Prisons (BOP) of his early release following his completion of the residential portion of the Residential Drug Abuse Program (RDAP). Bell applied for the RDAP following his drug-trafficking conspiracy conviction with the understanding that prisoners who successfully completed treatment

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

became eligible for early release, pursuant to 18 U.S.C. § 3621(e)(2)(B). However, he was denied release pursuant to a BOP rule, 28 C.F.R. § 550.55, which categorically excludes certain inmates from eligibility for early release under § 3621(e)(2)(B), including inmates whose offenses involved the using, carrying, or possessing a firearm or dangerous weapon.

We review the district court's factual findings for clear error and its legal conclusions de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Bell renews his assertion the BOP has impermissibly used a sentencing factor to recharacterize the statutory elements of his offense in order to disqualify him from RDAP early release, in violation of § 3621(e)(2)(B) and his due process rights. The BOP has the sole discretion to determine prisoner eligibility for the RDAP. *See* 18 U.S.C. § 3621(b), (e); *Richardson v. Joslin*, 501 F.3d 415, 417 n.1 (5th Cir. 2007). "The grant of discretion to the BOP in § 3621(e)(2)(B) indicates that no entitlement and, hence, no liberty interest, was created." *Richardson*, 501 F.3d at 420. Consequently, Bell's argument that the BOP's determination that he is ineligible for early RDAP release violates his statutory and due process rights is meritless. *See id.*

Inasmuch as Bell relies on a Ninth Circuit case, *Arlington v. Daniels*, 516 F.3d 1106 (9th Cir. 2006), for the proposition that the categorical exclusion of certain offenders is arbitrary and capricious and that the BOP regulation is invalid, his reliance is misplaced. That case dealt with a previous regulation, 28 C.F.R. § 550.58; the new regulation, § 550.55, which was the basis for the BOP's decision in the instant case, has been upheld by both the Ninth Circuit and this court. *Peck v. Thomas*, 697 F.3d 767, 776, 771-72 (9th Cir. 2012); *Handley v. Chapman*, 587 F.3d 273, 280-83 (5th Cir. 2009).

He also argues, for the first time on appeal, that the BOP's recharacterization of the elements of his offense violates *United States v.*

*Davis*, 139 S. Ct. 2319 (2019).  However, we will not consider the newly raised argument.  *See Page v. U.S. Parole Comm'n*, 651 F.2d 1083, 1087 (5th Cir. Unit A July 1981).  Likewise, to the extent that Bell's brief can be very liberally construed as attempting to raise new claims that trial counsel was ineffective in his underlying criminal proceedings, the claims will not be considered both because they were not raised below, *see id.*, and because such claims are properly raised in a 28 U.S.C. § 2255 motion rather than a § 2241 petition, *see Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Bell's disagreement with the BOP's application of its own rules and regulations fails to state a cognizable constitutional claim.  *See Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989); *see also* § 2241(c).  Thus, Bell has not demonstrated any error in the district court's judgment.

AFFIRMED.