# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2011

Lyle W. Cayce
Clerk

No. 09-40556

WAYLAND THOMAS WILSON

Petitioner-Appellant

v.

KEITH ROY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before DAVIS, PRADO, and OWEN, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Petitioner Wayland Thomas Wilson appeals the denial of his 28 U.S.C. § 2241 petition arguing that his conviction of money laundering must be overturned based on the holding in *United States v. Santos*, 553 U.S. 507 (2008), because no evidence was presented that he engaged in a financial transaction involving profits as opposed to gross revenue derived from his illegal drug activity. We agree with the district court that *Santos* did not decriminalize financial transactions conducted with funds derived from drug activity. Therefore, Wilson cannot demonstrate his actual innocence, which is one of the

No. 09-40556

threshold requirements for this petition to proceed, and the district court's dismissal of his petition is therefore affirmed.

I.

Wilson was convicted after a jury trial in 1993 of one count of conspiring to distribute cocaine, three counts of using a telephone to facilitate drug trafficking, and one count of money laundering. He was sentenced to a total of 444 months of imprisonment. His convictions and sentences were affirmed on appeal. *See United States v. Clark*, 67 F.3d 1154 (5th Cir. 1995). His 28 U.S.C. § 2255 motion was denied, and this court denied his request for a certificate of appealability (COA) in May 2000.

In July 2008, Wilson filed a § 2241 petition, wherein he argued that his conviction for money laundering was invalid based upon the holding of *Santos*, 553 U.S. 507, because there was no evidence that he engaged in financial transactions involving profits derived from illegal activity.

The magistrate judge (MJ) found that the issue argued by Wilson was not cognizable in a § 2241 petition because he failed to demonstrate his actual innocence, one of the requirements of the savings clause of § 2255, as set forth in *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001). Wilson filed objections to the MJ's report and recommendation. The district court overruled Wilson's objections, adopted the findings of the MJ's report, and dismissed Wilson's § 2241 petition. Wilson filed a timely notice of appeal and a motion to proceed in forma pauperis (IFP) on appeal. His IFP motion was granted.

While this appeal was pending, this court decided *Garland v. Roy*, 615 F.3d 391 (5th Cir. 2010), and we obtained supplemental briefs addressing the effect of *Garland* on this appeal and whether the transaction on which Wilson's money laundering conviction was based required the government to establish that the funds involved were profits, as described in *Santos*.

2

No. 09-40556

II.

Because Wilson is proceeding under § 2241, he is not required to obtain a COA to pursue his appeal. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law *de novo*." *Id.*

A petitioner can attack the validity of his conviction and sentence in a § 2241 petition only if he can meet the requirements of the "savings clause" of § 2255(e). *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000(per curiam). The petitioner shoulders the burden of affirmatively showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255; *Reyes-Requena*, 243 F.3d at 901.

Relief under § 2255 is not "inadequate or ineffective" for purposes of the savings clause merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Rather, a prisoner who wishes to proceed under the savings clause must make a showing of both actual innocence and retroactivity. *Reyes-Requena*, 243 F.3d at 903. A prisoner can make this showing if his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904.

Retroactivity of *Santos*.

In *Garland*, this court held that *Santos* applies retroactively. 615 F.3d at 396-97. Thus, Wilson has satisfied the first half of the first *Reyes-Requena* factor.

3

No. 09-40556

Nonexistent offense.

Relying on *Santos*,[1] Wilson argues that he is actually innocent of money laundering because he did not conduct a financial transaction that involved the profits of a specified unlawful activity and, as a result, he was convicted of a nonexistent offense.  Section 1956(a)(1) provides that:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . (A)(i) with the intent to promote the carrying on of specified unlawful activity

is guilty of money laundering.  18 U.S.C. § 1956.  In *Santos*, the issue was whether "proceeds" should be interpreted broadly to mean "receipts" of specified unlawful activity or narrowly to include only the "profits" of such activity.  553 U.S. at 509. Santos had been convicted of operating an illegal gambling business (a lottery) in violation of 18 U.S.C. § 1955, as well as conspiracy to launder money and money laundering involving funds derived from these illegal operations. *Id*. at 509-10. The transactions on which Santos's money laundering conviction was based involved his payments to those who helped him run his lottery, as well as payments to the lottery winners.  *Id*.  A four-Justice plurality applying the rule of lenity concluded that the word "proceeds" in the money laundering statute means "profits" and not, as the Government had argued, "receipts."  *Id*. at 510-14 (plurality opinion).  The plurality concluded that this

---

[1] Wilson also argues that the savings clause applies based upon the Supreme Court's decision in *Cuellar v. United States*, 553 U.S. 550 (2008).  However, he makes this argument for the first time on appeal, and that argument will not be considered. *See Page v. U. S. Parole Comm'n*, 651 F.2d 1083, 1087 (5th Cir. 1981) (per curiam) (refusing to entertain § 2241 petitioner's claims raised for the first time on appeal).  Accordingly, this opinion addresses only Wilson's arguments related to *Santos*.

definition prevented a "merger problem"[2] by which the underlying illegal activities would also constitute money laundering when the offenses involved transactions in which receipts were passed on to someone else. *Id.* at 515-17.

Justice Stevens, the tie-breaker, concurred in the judgment that "proceeds" means "profits" where the specified unlawful activity is illegal gambling because the legislative history of § 1956 was silent as to this type of venture. *Id.* at 524-28 (Stevens, J., concurring). However, he reasoned that the definition of "proceeds" could vary depending on the unlawful activity forming the predicate for the money laundering charges. *Id.* In today's case the unlawful activity forming the predicate for the money laundering charges is drug trafficking.

In *Garland*, the money being laundered was derived from a fraudulent pyramid scheme. This court interpreted Justice Stevens's concurrence as requiring a bifurcated analysis. *Garland*, 615 F.3d at 402-04. The first step requires a court to determine whether giving "proceeds" a broad interpretation to mean "receipts" would result in merging the underlying illegal activity with the money laundering charge. The second step requires an examination of the legislative history of the money laundering statute to determine if "proceeds" should be defined as "profits" in a particular case. *Id.* at 403-04.

But we conclude that the *Garland* inquiry is unnecessary in this case because Wilson was convicted of laundering money derived from the sale of

---

[2] The *Santos* plurality explained the merger problem that existed in the illegal lottery operation in that case as follows:

> If "proceeds" meant "receipts," nearly every violation of the illegal-lottery statute would also be a violation of the money-laundering statute, because paying a winning bettor is a transaction involving receipts that the defendant intends to promote the carrying on of the lottery. Since few lotteries, if any, will not pay their winners, the statute criminalizing illegal lotteries . . . would "merge" with the money-laundering statute.

553 U.S. at 515-16.

contraband, i.e., illegal drugs. *Santos* was a split decision by the Supreme Court with a four-Justice plurality forming the majority on the issues joined by Justice Stevens's concurrence. In *Garland*, we held that Justice Stevens's concurrence was the controlling law. *Id.* at 396 n. 4.

Justice Stevens agreed with that part of Justice Alito's dissent asserting that "the legislative history of § 1956 makes it clear that Congress intended the term 'proceeds' to include gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales." *Santos*, 553 U.S. at 525-26. For this reason, Justice Stevens could not "agree with the plurality that the rule of lenity must apply to the definition of 'proceeds' for these types of unlawful activities." *Id.* at 526 n.3. We read these passages from Justice Stevens's concurrence to say that when the laundered money is derived from the sale of drugs and other contraband, Congress used "proceeds" in § 1956 to mean receipts rather than profits regardless of any potential merger problem. Justice Alito's dissent quotes Justice Stevens on the point that the legislative history makes it clear that in cases involving the sale of contraband, "proceeds" in the money laundering statute means gross revenues. Justice Alito explains in a footnote that on this point the dissent and Justice Stevens's concurrence form a majority.

> In light of the plurality opinion's discussion of "the stare decisis effect of Justice Stevens' opinion," ante, at ____, 170 L. Ed. 2d, at 926, it must be noted that five Justices agree with the position taken by Justice Stevens on the matter discussed in the preceding sentence of the text.

*Id.* at 532 n.1 (Alito, J., dissenting).

As indicated, this court in *Garland* determined that Justice Stevens's concurrence is the controlling law. Accordingly, in this case, which involves laundering the proceeds of the sales of illegal drugs, *Santos* does not have the effect of undermining Wilson's money laundering conviction, and thus Wilson

6

No. 09-40556

cannot satisfy the requirement that he may have been convicted of a nonexistent offense.[3] Therefore we need not consider the remainder of the test, i.e., whether his claim was foreclosed by circuit law so that he is excused from raising it when it should have been raised at trial, on direct appeal, or in his first § 2255 motion.

## III.

For these reasons, the district court did not err in denying Wilson's petition under § 2241. Accordingly, the judgment of dismissal is AFFIRMED.

---

[3] We follow a number of other circuits that have reached the same result in drug trafficking cases based on this interpretation of the above passages in Justice Stevens's concurrence. *See United States v. Quinones*, 635 F.3d 590, 599-600 (2d Cir. 2011) (Justice Stevens's opinion is controlling, and he specifically noted that "proceeds" is not intended to mean "profits" where the predicate offense involves the sale of contraband); *United States v. Smith*, 601 F.3d 530, 544 (6th Cir. 2010) ("As Justice Stevens made clear in his concurring opinion in *Santos*, the predicate offense of conspiracy to distribute cocaine does not fall within the category of offenses for which 'proceeds' means 'profits.'"); *United States v. Webster*, 623 F.3d 901, 906 (9th Cir. 2010) (In drug cases, 'proceeds' is not defined as 'profits.'); *United States v. Brace*, 634 F.3d 1167, 1170 n.3 (10th Cir. 2011) ("Even if Brace could raise a *Santos* argument, he would not prevail because *Santos* does not hold that "proceeds" means "profits" in the context of drug sales. Justice Stevens, the critical fifth vote in *Santos*, explicitly departed from the plurality's conclusion that "proceeds" means "profits" in the context of drug sales.").