# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-10777
Summary Calendar

January 10, 2012

Lyle W. Cayce
Clerk

TIMOTHY A. DAY,

Petitioner-Appellant

v.

REBECCA TAMEZ, Warden-Federal Correctional Institution, Fort Worth,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-518

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Timothy A. Day, federal prisoner # 43134-018, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging his conviction and sentence for conspiracy to commit mail fraud and mail fraud in violation of 18 U.S.C. §§ 371 and 1341. Day contends that his § 2241 petition falls within the savings clause of 28 U.S.C. § 2255(e).

We review a district court's dismissal of a § 2241 petition de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "A section 2241 petition that seeks

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452. "Section 2255 contains a 'savings clause,' which acts as a limited exception to this general rule." *Id.*; § 2255(e).

Day contends that the district court increased his sentence based on conduct that was not charged in the indictment nor found beyond a reasonable doubt such as the actual loss amount and number of victims. Because Day sought to attack the manner in which his sentence was initially determined, he had to meet the requirements of the savings clause of § 2255(e) to raise his claims in a § 2241 petition. *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). Day had to show that his claims were "(i) . . . based on a retroactively applicable Supreme Court decision which establishes that [he] . . . may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] . . . trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Day's argument that the savings clause applies in light of *DePierre v. United States*, 131 S. Ct. 2225 (2011), and *United States v. O'Brien*, 130 S. Ct. 2169 (2010), is raised for the first time on appeal and will not be considered. *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011). Even if we considered this argument, neither of these cases decriminalized any of the conduct for which he was convicted. *See DePierre*, 131 S. Ct. at 2237 (holding that the term "cocaine base" in 21 U.S.C. § 841(b)(1) refers to cocaine in its chemically basic form, which includes but is not limited to "crack cocaine"); *O'Brien,* 130 S. Ct. at 2180 (holding that whether a firearm is a machinegun is an element of the offense in 18 U.S.C. § 924(c)(1)(B)(ii)). Therefore, the savings clause was not applicable.

The district court's judgment is AFFIRMED.