**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2012

Lyle W. Cayce
Clerk

No. 11-40621
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRYSTAL LYNN PARKER,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-58-5

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Crystal Lynn Parker appeals her guilty-plea conviction for conspiracy to commit money laundering and the corresponding 30-month sentence. Parker argues that the district court plainly erred under Federal Rule of Criminal Procedure 11(b)(3) by failing to ensure that the factual basis was sufficient to support her guilty plea. Specifically, she contends that there was insufficient evidence of the existence of a conspiracy, her knowledge of the conspiracy, and that she voluntarily participated in the conspiracy. She also argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence did not show concealment or a nexus to interstate commerce. Citing *United States v. Santos*, 553 U.S. 507 (2008), and *United States v. Harris*, 666 F.3d 905 (5th Cir. 2012), Parker asserts that the evidence failed to establish that the proceeds used in the conspiracy were profits rather than receipts from drug activities.

Because Parker failed to object in the district court, review is limited to plain error. *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006). A district court cannot enter a judgment of conviction based upon a guilty plea unless it is satisfied that there is a factual basis for the plea. FED. R. CRIM. P. 11(b)(3). The district court is required "to determine that the *factual* conduct to which the defendant admits is sufficient *as a matter of law* to constitute a violation of the statute." *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc). "[I]nferences may be 'fairly drawn' from the evidence adduced after the acceptance of a guilty plea but before or at sentencing." *United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008).

Parker admitted to knowingly engaging in a conspiracy with a drug distributor to conduct financial transactions using proceeds from illegal drug sales in order to conceal the source or ownership of the proceeds. Specifically, Parker purchased vehicles and placed the titles in her name with proceeds obtained from a drug distributor. She also wired money obtained from the drug distributor to another state. Contrary to Parker's assertions, the facts in her case, drawn from the indictment, the signed factual statement acknowledged and admitted by Parker at the rearraignment hearing with assistance of counsel, also elaborated on in her presentence report, demonstrate that there existed a factual basis sufficient to support her guilty plea of money laundering. *See United States v. Fernandez*, 559 F.3d 303, 313 (5th Cir. 2009); 18 U.S.C. § 1956 (a)(1)(B)(i), (h).

Additionally, Parker's argument regarding the definition of proceeds as profits fails. *Harris* is inapposite to Parker's argument because the facts of the

instant case do not involve the transfer of funds for the payment of drugs. *See Harris*, 666 F.3d at 909 (determining that "mere payment of the purchase price for drugs by whatever means . . . does not constitute money laundering"). Further, in *Wilson v. Roy*, 643 F.3d 433, 436-37 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1062 (2012), we interpreted the decision in *Santos* and concluded that "proceeds" means "receipts" rather than "profits," when, as here, the money laundered comes from drug sales.

Accordingly, the judgment of the district court is AFFIRMED.