# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 16, 2013

Lyle W. Cayce
Clerk

No. 12-20262
Summary Calendar

SEAN MICHAEL CARNEY,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-3045

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Sean Michael Carney, federal prisoner # 83492-180, appeals the dismissal of his 28 U.S.C. § 2241 petition wherein he challenged his 2008 conviction for possession with intent to distribute cocaine and possession of a firearm by a convicted felon. The district court determined, inter alia, that Carney failed to satisfy the savings clause of 28 U.S.C. § 2255.

The Government has moved for summary dismissal because no certificate of appealability (COA) has issued or, alternatively, an extension of time to brief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the merits. Because Carney filed his petition under § 2241, he need not obtain a COA to appeal its dismissal. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

As a general rule, a federal prisoner who seeks to challenge collaterally the legality of his conviction or sentence must file a § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e).

Carney has not briefed any challenge to the district court's determination that he failed to show that his claims were based on a Supreme Court decision that established that he might have been convicted of a nonexistent offense, as required by *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). When an appellant fails to identify any error in the district court's analysis, it is the same as if he had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). While pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Carney has not raised any challenge to the district court's reasons for determining that he is not entitled to proceed pursuant to the savings clause of § 2255(e). Thus, any such arguments are deemed abandoned. *See Brinkmann*, 813 F.2d at 748.

For the first time on appeal, Carney argues that the Bureau of Prisons is in violation of the federal judgment and sentence because, after the imposition of his federal sentence, federal authorities improperly delivered him to state authorities to begin serving a subsequently imposed state sentence. Because this issue is raised for the first time on appeal, we need not consider it. *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1062 (2012). To the extent that Carney seeks to argue that *Bond v. United States*, 131 S. Ct. 2355 (2011), enables him to bring a § 2241 petition, he is mistaken. *Bond* does not satisfy the savings clause of § 2255(e) because, inter alia, it does not

establish that Carney may have been convicted of a nonexistent offense. *See Reyes-Requena*, 243 F.3d at 904.

As Carney has not established that he is entitled to proceed under § 2241, the district court's judgment is AFFIRMED. We dispense with further briefing. The Government's motion for summary dismissal and alternative motion for an extension of time to file a brief are DENIED. Carney's motion for release pending appeal also is DENIED.