**David MARTINDALE, Petitioner–Appellant,**

v.

**Rodney W. CHANDLER, Respondent–Appellee.**

**No. 14–10056**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 19, 2014.

David Martindale, Fort Worth, TX, pro se.

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

David Martindale, federal prisoner # 39160–177, appeals the denial of his petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241. He contended that his 120–month sentence for being a felon in possession of a firearm was unconstitutionally enhanced in violation of *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), because he did not admit the facts necessary for an enhancement based on U.S.S.G. § 2K2.1(b)(6)(B). The district court determined that Martindale could not pursue relief under § 2241 because he had failed to show that relief under 28 U.S.C. § 2255 would be inadequate or ineffective as required by the savings clause of § 2255.

We review the dismissal of a § 2241 petition *de novo*. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir.2000). A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of the savings clause. *Id.* He must show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes–Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). A petitioner's inability to meet the procedural requirements of § 2255 is insufficient to make the required showing. *Pack v. Yusuff*, 218 F.3d 448, 452–53 (5th Cir. 2000). Instead, he must establish that his claim "is based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes–Requena*, 243 F.3d at 904.

Martindale asserts that his sentence was unconstitutionally enhanced in light of *Alleyne* and that *Alleyne* announced a new rule of criminal law that should apply to his case and that, pursuant to *McQuiggin v. Perkins*, —— U.S. ——, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), he is actually innocent. *Alleyne* and *Perkins*, however, do not establish that Martindale's claims are based on a retroactively applicable Supreme Court opinion indicating that he was convicted of a nonexistent offense and that his claims were foreclosed when they otherwise should have been raised. *See Reyes–Requena*, 243 F.3d at 904.

Finally, Martindale avers that the district court erred by assigning his base offense level under § 2K2.1(a)(2); that the penalties in 21 U.S.C. § 841(b) violate the Eighth Amendment because his sentence was disproportionate to the crime; and that the court failed to address the claims overlooked by the magistrate judge. We do not consider these claims because they are raised for the first time on appeal. *See Wilson v. Roy*, 643 F.3d 433, 435 n. 1 (5th Cir.2011).

The judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.