# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51122
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2014

Lyle W. Cayce
Clerk

DIEGO VILLALOBOS, JR.,

Petitioner-Appellant

v.

RACHEL CHAPA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CV-296

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Diego Villalobos, Jr., federal prisoner # 64259-180, appeals the dismissal of his 28 U.S.C. § 2241 petition wherein he challenged his conviction for conspiracy to launder monetary instruments. The district court dismissed the petition, finding that Villalobos failed to satisfy the requirements to proceed under the savings clause of 28 U.S.C. § 2255(e).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51122

Under § 2241, this court reviews findings of fact for clear error and conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). Villalobos's challenge to the dismissal of the claim that his conviction was invalid in light of *United States v. Santos*, 553 U.S. 507 (2008), is conclusory and offers no meaningful analysis of the district court's decision. As noted by the district court, this court, interpreting *Santos*, has held that where a defendant is convicted of laundering proceeds from the sale of drugs, the term "proceeds" means receipts rather than profits. *Wilson v. Roy*, 643 F.3d 433, 436 (5th Cir. 2011). Thus, the district court did not err in concluding that the holding of *Santos* does not undermine Villalobos's conviction for conspiracy to launder money.

For the first time on appeal, Villalobos contends that his conviction for money laundering is invalid in light of *Cuellar v. United States*, 553 U.S. 550 (2008), and that this claim may proceed under the savings clause. Because Villalobos's challenge to his conviction based on the holding of *Cuellar* was not raised in the district court, we will not consider the argument on appeal. *See Wilson*, 643 F.3d at 435 n.1.

The judgment of the district court is AFFIRMED.