# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40703
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 23, 2016

Lyle W. Cayce
Clerk

ALFRED CHEESE, III,

Petitioner–Appellant,

v.

WARDEN FRANK LARA,

Respondent–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-296

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alfred Cheese, III, federal prisoner # 33175-037, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition, which challenged his statutorily-enhanced life sentences for conspiracy to distribute a controlled substance and unlawful possession of a firearm by a felon. Cheese invoked *Descamps v. United States*, 133 S. Ct. 2276 (2013), *Alleyne v. United States*, 133 S. Ct. 2151 (2013), *Begay v. United States*, 553 U.S. 137 (2008),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40703

*United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).   He also argued that he was actually innocent of murder conduct used to calculate his guideline range and that the denial of a sentence modification or reduction violated his right to equal protection.

On appeal, Cheese challenges the dismissal of his *Alleyne*, *Begay*, and *Descamps* claims.  Our review is de novo.  *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (per curiam).  The district court determined that the claims should be presented in a 28 U.S.C. § 2255 motion and did not fit within the savings clause of § 2255(e) because they challenged the validity of Cheese's enhanced sentences, not his conviction.  We agree, having previously held that the savings clause only applies to § 2241 claims that, among other things, are based on a retroactively applicable Supreme Court decision which establishes that the petitioner "may have been convicted of a nonexistent offense."  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (per curiam).  Cheese's argument that *Persaud v. United States*, 134 S. Ct. 1023 (2014) (mem.), allows him to proceed under the savings clause is unavailing.  *See Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016) (per curiam).

Cheese fails to address, and has thus abandoned, the remaining claims that he raised in the district court.  *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).  We decline to consider Cheese's new claims based on *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), as he first raises them here, *see Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011).  For the same reason, we decline to consider his new claims based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Wilson*, 643 F.3d at 435 n.1.  Cheese may seek to present his claim based on *Johnson* in the United States Court of Appeals for the Fourth Circuit.  Cheese was convicted and sentenced in Maryland.

No. 15-40703

AFFIRMED.