# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-30322
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2017

Lyle W. Cayce
Clerk

SAMUEL WALLACE,

Petitioner-Appellant

v.

M. D. CARVAJAL, Warden, Federal Correctional Institution, Pollock,

Respondent-Appellee

————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-100

————

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Samuel Wallace, federal prisoner # 21263-034, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. In his petition, Wallace sought to challenge the sentence imposed following his conviction of conspiracy to possess with intent to distribute five kilograms or more of cocaine. He contends that he should have been permitted to proceed under the savings clause of 28 U.S.C. § 2255.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30322

We review the district court's findings of fact for clear error and its determination of issues of law de novo. *Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011). As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his sentence must file a § 2255 motion in the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452.

However, under § 2255(e), the so-called "savings clause," a federal prisoner may attack the legality of his sentence in a § 2241 petition if he establishes that no adequate or effective relief is attainable by motion under § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) To satisfy § 2255(e)'s "savings clause," Wallace was required to make an affirmative showing that [he] would present a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion." *Id.* at 904.

Wallace did not make the requisite showing, and his reliance on *Persaud v. United States*, 134 S. Ct. 1023 (2014) (mem.), is unavailing. The district court's judgment is AFFIRMED.