# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20446

United States Court of Appeals
Fifth Circuit

**FILED**
May 9, 2018

Lyle W. Cayce
Clerk

GEORGE BAY BARNES,

Plaintiff-Appellant

v.

HOUSTON TEXAS LAW CENTER TEXAS INNOCENCE NETWORK,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1129

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

George Bay Barnes, Texas prisoner # 1144852, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against the directors of the Houston Texas Law Center Texas Innocence Network. He moves this court for leave to proceed in forma pauperis (IFP). By moving to proceed IFP in this court, Barnes challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20446

proceed IFP, Barnes must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

In determining whether a nonfrivolous issue exists, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). "[W]here the merits are so intertwined with the certification decision as to constitute the same issue," the court may deny the IFP motion and dismiss the appeal *sua sponte* if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

Although pro se briefs are afforded liberal construction, *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), arguments must be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1983). Barnes fails to brief any response to the district court's finding that his claim was not cognizable under § 1983 because the defendants, as his prospective postconviction attorneys, were not state actors for § 1983 purposes. Further, Barnes raises issues pertaining to another § 1983 complaint. Those arguments, raised for the first time in this case on appeal, will not be considered. *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011).

Because Barnes fails to raise any legal issues arguable on their merits, his motion for leave to proceed IFP is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.