# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10449
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2020

Lyle W. Cayce
Clerk

DAVID E. MALONE,

Petitioner-Appellant

v.

ERIC WILSON, Warden, Federal Medical Center Fort Worth,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-531

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

David E. Malone, federal prisoner # 21817-424, is serving a total of 276 months of imprisonment imposed following his conviction by a jury of four drug-related offenses. He now appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition, which we review de novo. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). To pursue relief under § 2241, Malone was required to satisfy the 28 U.S.C. § 2255(e) savings clause by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

establishing that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

The district court did not err in determining that Malone failed to meet the requirements of the § 2255(e) savings clause. We are not persuaded by Malone's unsupported arguments that he (1) was not required to make that showing or (2) was entitled to proceed under § 2241 based on a different showing of factual innocence that does not rely on a retroactively applicable Supreme Court case which establishes that he may have been convicted of a nonexistent offense. *See Reyes-Requena*, 243 F.3d at 904. To the extent that Malone now attempts to rely on *McFadden v. United States*, 135 S. Ct. 2298 (2015), he did not raise that argument in the district court and we decline to consider it for the first time on appeal. *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011).

Accordingly, the judgment of the district court is AFFIRMED.