# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40558
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2020

Lyle W. Cayce
Clerk

DANIEL THOMASON SMITH,

Petitioner - Appellant

v.

WARDEN, FCI BEAUMONT,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-581

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Daniel Thomason Smith, federal prisoner # 29163-380, contests the dismissal of his 28 U.S.C. § 2241 petition challenging his convictions and sentences for: conspiracy to commit health-care fraud, in violation of 18 U.S.C. §§ 1347 and 1349; aiding and abetting health-care fraud, in violation of 18 U.S.C. §§ 2 and 1347; aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 2 and 1028; and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

aiding and abetting making false statements related to a health-care matter, in violation of 18 U.S.C. §§ 2 and 1035. The district court dismissed the § 2241 petition because Smith's claims, based on *Rosemond v. United States*, 572 U.S. 65, 67 (2014) (holding, in prosecution for aiding and abetting violation of 18 U.S.C. § 924(c), Government must prove defendant had "advance knowledge that a confederate would use or carry a gun during the crime's commission"), did not satisfy 28 U.S.C. § 2255(e)'s savings clause, discussed *infra*. (Smith also contends his conditions of confinement violate the Eighth Amendment; however, this contention "will not be considered" because it is made "for the first time on appeal". *Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011) (citation omitted).)

The dismissal of Smith's § 2241 petition is reviewed *de novo*. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citation omitted). Section "2241 is typically used to challenge the manner in which a sentence is executed". *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citation omitted). Section "2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence". *Id.* at 901 (citation omitted). Under § 2255(e)'s savings clause, however, petitioner may employ § 2241 to challenge a conviction and sentence if it "appears that the remedy [under § 2255] is inadequate or ineffective to test the legality of [petitioner's] detention". 28 U.S.C. § 2255(e). Petitioner satisfies the savings clause by showing his claim: "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion". *Id.* at 904.

No. 19-40558

Smith fails both prongs. Because *Rosemond* was decided in 2014 and Smith's trial was in 2016, he "has not demonstrated that *Rosemond* applies retroactively to [his] case[]". *United States v. Nix*, 694 F. App'x 287, 288 (5th Cir. 2017) (citations omitted). Moreover, because *Rosemond* was decided in 2014, his contentions were not foreclosed or unavailable at the time of his 2016 trial, and he could have also raised them either on appeal or in a § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. Accordingly, he fails to show the court erred by dismissing his § 2241 petition.

AFFIRMED.