# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2021

Lyle W. Cayce
Clerk

No. 20-40753
Summary Calendar

Sonny Shields,

*Petitioner—Appellant*,

*versus*

Warden, *FCI Beaumont*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CV-337

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

In 2011, Sonny Shields pleaded guilty to kidnapping resulting in the death of a person; he was sentenced to imprisonment for life. In 2019, he filed a 28 U.S.C. § 2241 petition in the Eastern District of Texas, where he was incarcerated at the time. He argued that he had been denied certain

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40753

constitutional rights, that his plea was entered under duress because he had been threatened with the death penalty, and that he should have his sentence reduced. The district court found that Shields was challenging his conviction and sentence, but he had failed to show why 28 U.S.C § 2255 was inadequate to do so. *See* 28 U.S.C. § 2255(e). Because it could not reconstrue his petition as a § 2255 motion, the district court dismissed it.

This court reviews a dismissal of a § 2241 petition de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Pursuant to the savings clause of § 2255(e), a habeas petitioner may attack his conviction and sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e); *see Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). To show the inadequacy or ineffectiveness of a § 2255 motion, a prisoner must demonstrate that (1) his petition raises a claim that is based on a retroactively applicable decision of the Supreme Court that establishes that he was convicted of a nonexistent offense; and (2) his claim was foreclosed when it should have been presented in his trial, direct appeal, or original § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. The petitioner has the burden of showing that the savings clause applies. *Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011).

On appeal, Shields makes an assortment of complaints about his conviction, sentence, and the conditions of his confinement. However, Shields does not argue, much less show, that his petition is based on a retroactively applicable decision of the Supreme Court establishing his actual innocence or that his claim previously was foreclosed. *See* § 2255(e); *Reyes-Requena*, 243 F.3d at 904. Therefore, he has failed to carry his burden to demonstrate the inadequacy of the § 2255 remedy.

AFFIRMED.