# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2022

Lyle W. Cayce
Clerk

No. 21-51066
Summary Calendar

Archie Cabello,

*Petitioner—Appellant*,

*versus*

United States of America,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CV-242

Before King, Southwick, and Willett, *Circuit Judges*.

Per Curiam:*

Archie Cabello, federal inmate # 73097-065, appeals the dismissal, for lack of jurisdiction, of his 28 U.S.C. § 2241 petition challenging his convictions for conspiracy to commit bank larceny, possess stolen bank funds, and make false statements on credit applications; possession of stolen

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

bank funds; making false statements in a credit card application; filing a false income tax return; and conspiracy to launder money. Cabello contends that the district court had jurisdiction to consider his § 2241 petition challenging the validity of his convictions because he satisfied the "savings clause" of 28 U.S.C. § 2255(e).

A § 2255 motion is the primary mechanism for collaterally attacking a federal sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A prisoner may, under the "savings clause" of § 2255(e), challenge the basis of his federal custody in a § 2241 petition if he shows that the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Cabello fails to meet his affirmative burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the validity of his convictions. *See Pack*, 218 F.3d at 452. The mere fact that his prior § 2255 motion was unsuccessful does not suffice. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). In addition, Cabello's reliance on *Buck v. Davis*, 137 S. Ct. 759 (2017), and *Jones v. United States*, 529 U.S. 848 (2000), is misplaced. Because he did not cite *Jones* in the district court, we do not consider it on appeal. *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011). In any event, neither *Jones* nor *Buck* establishes that any of Cabello's challenged convictions may have been for nonexistent offenses. *See Reyes-Requena*, 243 F.3d at 904.

No. 21-51066

The district court did not err in determining that Cabello failed satisfy the first prong of § 2255(e) and that it thus lacked jurisdiction over his § 2241 petition. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). We accordingly AFFIRM the judgment of the district court.