# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50045
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2016

Lyle W. Cayce
Clerk

STANLEY ROBINSON,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:

Stanley Robinson, federal prisoner # 25071-044, moves for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his 28 U.S.C. § 2241 petition. In his petition, Robinson challenged the sentence imposed following his conviction in 1998 in the Eastern District of Missouri of possession of cocaine with intent to distribute, of using a firearm during and in relation to a drug trafficking crime, and of being a felon in possession of a firearm. Robinson contends that he should be permitted to proceed under the savings clause of 28 U.S.C. § 2255.

We have construed Robinson's motion as a challenge to the district court's determination that his appeal has not been brought in good faith. *See*

No. 15-50045

*Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Section 2255 provides "the primary means of collaterally attacking a federal sentence."  *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Section 2241, on the other hand, is used to challenge "the manner in which a sentence is executed."  *Id.*  A petition filed under § 2241 that raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion.  *Id.* at 877-78.  However, under the savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).

Robinson has the burden of showing that the § 2255 remedy is inadequate or ineffective.  *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002).  He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion."  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

Robinson wishes to challenge the legality of his sentence based on the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); *Alleyne v. United States*, 133 S. Ct. 2151 (2013); and *Persaud v. United States*, 134 S. Ct. 1023 (2014).  His invocation of *Apprendi*, *Blakely*, and *Alleyne*, is predicated on his contention that *Persaud*

No. 15-50045

announced a change in the law. *Persaud* was not a substantive decision and, therefore, does not support Robinson's contention that the particular sentencing errors he complains of are amenable to § 2241 relief in this case.

The request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24; *see also* 5TH CIR. R. 42.2.