# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40359
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2016

Lyle W. Cayce
Clerk

GENE EARL PETTAWAY,

Petitioner-Appellant

v.

N. VASQUEZ, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-538

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Gene Earl Pettaway, federal prisoner # 95088-080, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. In his petition, Pettaway challenged the sentence imposed following his conviction of possession with intent to distribute cocaine base. Robinson contends that he should be permitted to proceed under the savings clause of 28 U.S.C. § 2255.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40359

Section 2255 provides "the primary means of collaterally attacking a federal sentence." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Section 2241, on the other hand, is generally used to challenge "the manner in which a sentence is executed." *Id.*  However, under § 2555's savings clause, a § 2241 petition that challenges a federal sentence may be entertained if the remedy provided under § 2255 is "inadequate or ineffective to test the legality of the petitioner's detention."  § 2255(e); *accord Robinson v. United States*, 812 F.3d 476, 476-77 (5th Cir. 2016).

Pettaway bears the burden of showing that § 2555's remedy is inadequate or ineffective and thus that his claims fit within the savings clause. *Robinson*, 812 F.3d at 477.  To do so, Pettaway must show, among other things, that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense."  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

The district court found that Pettaway's claims did not fit within the savings clause because they challenged only the validity of his sentence. Pettaway invokes *Persaud v. United States*, 134 S. Ct. 1023 (2014) (mem.), contending that it announced a change in the law and sanctioned the use of § 2241 petitions to challenge an illegal sentence.  However, "*Persaud* was not a substantive decision," and it therefore does not support Pettaway's contention that his sentencing challenges are adequately brought in a § 2241 petition. *Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016).

Because Pettaway does not attack his conviction and his claims challenge only the validity of his sentence, Pettaway's § 2241 petition does not fall within the savings clause of § 2255(e) and the district court properly dismissed it.  Accordingly, the district court's judgment is AFFIRMED. Pettaway's motion to appoint counsel is DENIED.