# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60508

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2016

Lyle W. Cayce
Clerk

CURTIS CHRISHAUN EVANS,

Plaintiff-Appellant

v.

MARSHALL L. FISHER, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS; N. HOGAN, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-353

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

On May 11, 2015, Curtis Chrishaun Evans, Mississippi prisoner #L-2500, sued two Mississippi prison officials under 42 U.S.C. § 1983. Evans alleged that Commissioner Marshall Fisher and Warden N. Hogan violated his due process and equal protection rights by finding him guilty of a prison rule violation, which resulted in a 30-day loss of all privileges, and denying his appeal that sought to overturn that finding. The district court ordered Evans

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to supplement his complaint with specific statements about how Fisher and Hogan violated his constitutional rights.  In response, Evans asserted that Fisher and Hogan are "entrusted . . . to ensure that [prison officials do] not violate the federal[] and state rights of persons in [their] custody."  He urged that Fisher and Hogan violated his constitutional rights because they "did not grant [Evans's] appeal, letting this [Rule Violation Report] stand . . . ."

On July 2, 2015, the district court dismissed Evans's suit as frivolous and for failure to state a claim.  *See generally* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal--(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . .").  An appeal is frivolous if it "lacks an arguable basis in law or fact."  *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).  As the district court noted, privilege restrictions, such as the ones imposed on Evans here, are "merely changes in the conditions of his confinement and do not implicate due process concerns."  *Madison v. Parker¸* 104 F.3d 765, 768 (5th Cir. 1997); *accord Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. Dec. 11, 2002) (unpublished).  Regarding Evans's equal protection claim, the district court correctly noted that, even construing his complaint broadly, his bare assertion that Fisher and Hogan violated the Equal Protection Clause does not suffice.  *See McAlister v. Livingston*, 348 F. App'x 923, 938 (5th Cir. 2009) (unpublished) ("A prisoner . . . may not rest an equal protection claim 'on only his personal belief that discrimination played a part' in the complained-of act." (quoting *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995))).  The district court therefore dismissed Evans's complaint and warned him that the dismissal will count as a "strike" under the Prison Litigation Reform Act.

No. 15-60508

Evans appealed from the judgment of dismissal and asked the district court to allow him to proceed in forma pauperis on appeal. A claimant may appeal in forma pauperis only if he meets three requirements. First, he must submit "an affidavit [stating that he] is unable to pay such fees or give security therefor." § 1915(a)(1); *accord* Fed. R. App. P. 24(a)(1)(A). Second, the claimant must "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* § 1915(a)(1). Third, the litigant's appeal must be "taken in good faith." § 1915(a)(3). A claimant appeals in "good faith" when he seeks review of an issue "arguable on [its] merits (and therefore not frivolous)." *Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)). The district court denied Evans's motion to appeal in forma pauperis, finding only that—consistent with its order of dismissal—he failed to present "a good faith non-frivolous issue for appeal." The district court did not address Evans's financial ability to pay the costs of an appeal.

Evans now attempts to challenge the district court's certification that he does not appeal in good faith by asking this court to allow him to proceed in forma pauperis. His only argument is that "nothing has changed with [his] inmate accounts to justify the district court's denial" of in forma pauperis status. Evans does not challenge the district court's conclusion that his appeal is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997) ("When the prisoner opts to challenge the certification decision, the motion must be directed solely to the trial court's reasons for the certification decision."). Because Evans has not shown that his appeal is not frivolous, we DENY his motion to proceed in forma pauperis and DISMISS his appeal as frivolous. Because Evans now has at least two "strikes" against him, we WARN that another dismissal for frivolousness will preclude him from proceeding in forma

3

pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).