# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50411
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DENNIS CASTANEDA, also known as Gato,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:94-CR-97-1

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Dennis Castaneda, former federal prisoner # 66402-079, moves this court for leave to proceed in forma pauperis (IFP) following the district court's denial of his motion to terminate restitution under 18 U.S.C. § 3613(b). We construe Castaneda's motion as a challenge to the district court's determination that his appeal is not taken in good faith. *See Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (citing *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997)). Our inquiry is "limited to whether the appeal involves legal points arguable on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50411

their merits (and therefore not frivolous)." *Robinson*, 812 F.3d at 476 (internal quotation marks and citation omitted).

As noted by the district court "liability to pay restitution shall terminate on the date that is the *later* of 20 years from the entry of judgment *or* 20 years after the release from imprisonment of the person ordered to pay restitution." § 3613(b) (emphasis added). Castaneda's argument that his liability to pay restitution terminated 20 years from the entry of judgment is thus patently without merit. *See* § 3613(b). Accordingly, IT IS ORDERED that Castaneda's motion to proceed IFP on appeal is DENIED, and that the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *see also* 5TH CIR. R. 42.2.