# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11495
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2017

Lyle W. Cayce
Clerk

ARNULFO DAVILA,

Petitioner-Appellant

v.

RODNEY W. CHANDLER, Warden, Federal Correctional Institution Fort
Worth,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1908

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Arnulfo Davila, federal prisoner # 32490-177, pleaded guilty to
distribution of 50 grams or more of methamphetamine and possession of a
firearm in furtherance of a drug trafficking crime, and he was sentenced to a
total of 300 months of imprisonment. He filed the instant 28 U.S.C. § 2241
petition challenging his conviction and sentence. The district court determined

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-11495

that the claims raised in Davila's petition arose under 28 U.S.C. § 2255 and dismissed the § 2241 petition. The district court denied Davila leave to proceed IFP on appeal and certified that the appeal was not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Davila now requests leave from this court to proceed in forma pauperis (IFP) on appeal.

Davila must demonstrate both financial eligibility and a nonfrivolous issue for appeal. *See* FED. R. APP. P. 24(a); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Davila has submitted a declaration establishing financial eligibility for IFP status. *See* 8 U.S.C. § 1915(a)(1), (a)(2). However, Davila's claims amount to a collateral attack on a federal conviction and sentence, rather than a challenge to the manner in which a sentence is being executed, and the proper procedural vehicle for asserting these claims is a § 2255 motion. *See Robinson v. United States*, 812 F.3d 476, 476-77 (5th Cir. 2016). To proceed under the savings clause of § 2255, Davila must establish that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *See* § 2255(e); *see Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

Davila's argument that there is an inadequate factual basis for his conviction is a fact-based challenge that is not based on a retroactively applicable Supreme Court decision. *See Reyes-Requena*, 243 F.3d at 904. Additionally, his argument that his sentence was erroneously enhanced based upon Texas controlled substance convictions also does not meet the savings clause test, as the claim is a sentencing challenge and not a challenge to his underlying conviction. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Reyes-Requena*, 243 F.3d at 904.

Davila has therefore failed to show that his appeal involves nonfrivolous issues. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His motion to

proceed IFP on appeal is DENIED, and his appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.