# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60376
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2018

Lyle W. Cayce
Clerk

QUITMAN CARTER,

Petitioner−Appellant,

versus

B.E. BLACKMON, Warden, Federal Correctional Institution Yazoo City Low,

Respondent−Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:16-CV-565

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Quitman Carter, federal prisoner #31889-044, appeals the dismissal of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60376

his 28 U.S.C. § 2241 habeas corpus petition, which challenged his 15-year statutorily-enhanced sentence for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Carter was sentenced as an armed career criminal based on a determination that he had at least three violent-felony convictions, which subjected him to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Carter contended that he was actually innocent of the ACCA enhancement and no longer had three violent-felony convictions under the new and retroactive rules of *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).

The district court dismissed the petition because Carter still had three violent-felony convictions. The court did not address the government's contention that it lacked jurisdiction to consider the petition because Carter was challenging his sentence only and was not contending that he was convicted of a non-existent offense.

Carter's claims do not fit within the savings clause of 28 U.S.C. § 2255(e), because they challenge the validity of his enhanced sentence, not his conviction. The savings clause applies only to § 2241 claims that, among other things, are based on a retroactively applicable Supreme Court decision that establishes that the petitioner "may have been convicted of a nonexistent offense." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see Padilla v. United States*, 416 F.3d 424, 426–27 (5th Cir. 2005). Carter's theory that *Sharbutt v. Vasquez,* 136 S. Ct. 2538 (2016) (mem.), allows him to proceed under the savings clause is unavailing, because it was not a substantive decision. *See Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016).

Although the district court did not address its jurisdiction under the savings clause, we are required to examine it. *See Lee v. Wetzel,* 244 F.3d 370, 373

2

No. 17-60376

(5th Cir. 2001).  Carter has failed to show that he was actually innocent of the crime of conviction, and he is not entitled to use the savings clause of § 2255 to challenge his sentence by petitioning under § 2241.  *See Padilla*, 416 F.3d at 426−27.  Because Carter failed to meet the savings-clause standard and was convicted and sentenced in the Eastern District of Missouri, the district court for the Southern District of Mississippi lacked jurisdiction to consider his *Johnson* and *Mathis* claims .  *See Pack v. Yusuff*, 218 F.3d 448, 451−54 (5th Cir. 2000).

Accordingly, we VACATE the judgment and REMAND with instruction to DISMISS the § 2241 petition for lack of jurisdiction.  *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).