# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 17-20068
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2018

Lyle W. Cayce
Clerk

LIA SAMIRA ST. JUNIUS,

Petitioner - Appellant

v.

MARNE BOYLE, Warden, Federal Prison Camp Bryan,

Respondent - Appellee

————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1210

————————————

Before BARKSDALE, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Lia Samira St. Junius, federal prisoner # 80180-279 and proceeding *pro se*, challenges the district court's dismissing, as time barred, her 28 U.S.C. § 2241 petition for *habeas corpus*.

"In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law *de novo*." *Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (internal quotation omitted). Along

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-20068

that line, we "may affirm the denial of habeas relief on any ground supported by the record". *Scott v. Johnson,* 227 F.3d 260, 262 (5th Cir. 2000).

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is "the primary means of collateral attack on a federal sentence"; and, as a general rule, a federal prisoner who seeks to collaterally challenge the legality of her sentence must file a § 2255 motion in the sentencing court. *Id.* (internal quotations omitted). But, under § 2255(e), the "savings clause", the prisoner may attack the legality of her sentence in a § 2241 petition if she establishes a § 2255 remedy is "inadequate or ineffective". *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). "The petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Pack*, 218 F.3d at 452.

St. Junius contends her claim satisfies the savings clause, pursuant to *Persaud v. United States*, 134 S. Ct. 1023 (2014). *Persaud*, however, was not a substantive decision and, therefore, St. Junius does not meet her burden of showing § 2255 relief was inadequate or ineffective. *Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016) ("*Persaud* was not a substantive decision and, therefore, does not support [petitioner's] contention that the particular sentencing errors he complains of are amenable to § 2241 relief in this case.").

AFFIRMED.