**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2210
_____

JAMES SPENCER,
                Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 3-16-cv-00185)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 8, 2018
Before: GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed: January 11, 2019)
_____

OPINION[*]
_____

PER CURIAM

     James Spencer is an inmate currently serving a life sentence at the federal prison

in White Deer, Pennsylvania. Proceeding pro se, Spencer attempted to challenge his

sentence with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Because

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

federal inmates wishing to collaterally attack their sentences are presumptively restricted to filing motions under 28 U.S.C. § 2255(a)—and they must get special permission to file successive such motions if, like Spencer, they have already filed one—the District Court determined that Spencer's petition under § 2241 was improper and dismissed it for lack of jurisdiction. Spencer appealed. For the reasons that follow, we will affirm.

I.

In 1996, Spencer was convicted of multiple violations of the Hobbs Act, 18 U.S.C. § 1951(a). He was sentenced that same year. The primary feature of Spencer's sentence is concurrent terms of life imprisonment imposed under 18 U.S.C. § 3559(c)(1), which is referred to colloquially as the "three strikes law."[1] We affirmed the District Court's judgment on direct appeal.

Over the ensuing decades Spencer has filed many applications—including at least one motion to vacate under § 2255(a)—challenging his life sentence. Those applications have been unsuccessful.[2] Most recently, Spencer filed a habeas petition under § 2241,

---

constitute binding precedent.

[1] The recidivist sentencing enhancement under 18 U.S.C. § 924(e)(1) was also applied by the District Court.

[2] There is one, procedural-in-nature, exception: In October 2016, we granted Spencer's motion under 28 U.S.C. § 2244 to file a successive § 2255(a) motion based on Johnson v. United States, 135 S. Ct. 2551 (2015). See CA No. 16-2552. The District Court has stayed Spencer's Johnson-based § 2255 motion pending our disposition in United States v. Harris, CA No. 17-1861.

claiming that the District Court violated his constitutional rights when, at sentencing, it gave retroactive effect to the three strikes law.

The District Court, adopting the report and recommendation of the Magistrate Judge and overruling Spencer's objections thereto, dismissed the § 2241 petition. The Magistrate Judge had concluded that a § 2255(a) motion is a federal inmate's presumptive collateral-attack vehicle, and that district courts lack jurisdiction to entertain successive § 2255(a) motions absent authorization under 28 U.S.C. §§ 2244(b)(3) and 2255(h).

The Magistrate Judge also had concluded that Spencer failed to demonstrate the remedial inadequacy of § 2255(a) and the corresponding availability of the so-called "saving clause" of 28 U.S.C. § 2255(e). Cf. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). An inmate sentenced in federal court cannot seek habeas relief under § 2241 unless it appears that the remedy under § 2255(a) "is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), and the Magistrate Judge had concluded that Spencer failed to satisfy the criteria for saving-clause availability set forth in our precedent.

II.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and our review is de novo, see Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). There is no need for Spencer to obtain a certificate of appealability in order to

3

proceed with his appeal of the District Court's order dismissing his § 2241 petition. See

Bruce, 868 F.3d at 177.

III.

Spencer's § 2241 petition was properly dismissed. Like the District Court, we underscore that the § 2255(a) remedy is not inadequate or ineffective simply because the remedy has been previously denied to a federal inmate, or because that inmate is unable to fulfil the "stringent gatekeeping requirements" that AEDPA prescribes for successive collateral attacks. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). And, of primary import, we agree with the District Court that Spencer's sentencing claim cannot legitimately avoid § 2255(a) and be raised in a § 2241 petition, because the claim does not satisfy the requirements of our saving-clause precedent.

In Dorsainvil, we held that a § 2241 petition could be used by a federal inmate whose underlying conduct is no longer considered criminal as a result of intervening statutory interpretation by the United States Supreme Court. See id. at 251; see also Bruce, 868 F.3d at 180 (explaining that Dorsainvil permits access to § 2241 by a federal inmate who presents an actual innocence theory based on a "a change in statutory caselaw that applies retroactively in cases on collateral review," so long as that inmate "had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued"). Spencer's claim here is that the District Court unconstitutionally applied the three strikes law at the time of sentencing. Unlike the

4

petitioner's claim in Dorsainvil, Spencer's claim is indifferent to the criminal nature of the facts underlying his convictions.

Furthermore, Spencer's argument on appeal, that the Supreme Court's order in Persaud v. United States, 571 U.S. 1172 (2014), expands the availability of § 2241 beyond the limitations we identified in Dorsainvil, is unpersuasive. The order in Persaud granted certiorari, vacated the appellate court's judgment, and remanded for consideration of the Solicitor General's litigation position regarding § 2241 as a means of collaterally attacking a federal sentence.[3] There was no dispositive ruling with the power to bind. See West v. Vaughn, 204 F.3d 53, 59 (3d Cir. 2000), abrogated on other grounds by Tyler v. Cain, 533 U.S. 656, 664-66 (2001); see also Robinson v. United States, 812 F.3d 476, 477 (5th Cir. 2016) (per curiam) ("Persaud was not a substantive decision and, therefore, does not support [petitioner's] contention that the particular sentencing errors he complains of are amenable to § 2241 relief in this case."). But cf. Poe v. LaRiva, 834 F.3d 770, 773 (7th Cir. 2016) (asserting that Persaud "stand[s] for the proposition that a prisoner can challenge his sentence through a § 2241 petition").

Moreover, even assuming that the order in Persaud could be read—in tension with our precedent, see, e.g., Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102-03 (2017); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)—as suggesting some sort of receptiveness to the recognition of § 2241 as a vehicle for attacking a federal sentence in

---

[3] The Government notes that its position on that front has changed. See Gov't Br. at 10 n.10 (citing Solicitor General's brief in McCarthan v. Collins, 138 S. Ct. 502 (2017)).

light of new law, Spencer would realize no benefit: he fails to identify any law (new or old) that potentially undermines the validity of his sentence. To that end, we acknowledge that Spencer relied in the District Court on Rogers v. Tennessee, 532 U.S. 451 (2001), which was decided shortly after the conclusion of his first § 2255(a) action, see CA No. 00-1313, Order (3d Cir. Feb. 27, 2001) (denying certificate of appealability).[4] But Spencer cannot avail himself of Rogers, for three reasons.

First, Spencer has not pressed his Rogers-based argument in his opening brief on appeal. Accordingly, the argument is abandoned and waived. See United States v. Menendez, 831 F.3d 155, 175 (3d Cir. 2016).

Second, even if we were to excuse waiver, Spencer has previously attempted to use Rogers to support a collateral attack on his sentence, without success. The District Court characterized that previous attempt as an unauthorized motion under § 2255(a) and dismissed it accordingly. And we found no basis to disturb the District Court's decision. See CA No. 14-4009, Order (3d Cir. May 1, 2015) (denying certificate of appealability; summarily affirming to the extent no certificate of appealability was necessary).

Third, even if we were to ignore waiver and redundancy issues, the Rogers decision is, at bottom, inapt. Rogers reinforces the constitutional proscription of judicial statutory construction that has the effect of attaching criminal liability "to what

---

[4] We are skeptical that Spencer filed the § 2241 petition at issue—to the extent its viability is dependent on the order in Persaud (issued two years pre-petition) or the opinion in Rogers (issued 15 years pre-petition) or both—at the earliest opportunity. Cf. Bruce, 868 F.3d at 180.

previously had been innocent conduct." Rogers, 532 U.S. at 459. The Supreme Court did not address in that case whether sentencing enhancements in a statutory scheme enacted prior to commission of a defendant's current offense may constitutionally be triggered by pre-enactment convictions.[5] Rogers thus could not have represented for Spencer a potentially viable basis for using § 2241 and avoiding dismissal by the District Court.

IV.

In conclusion, we discern no basis upon which Spencer could have permissibly used § 2241 via the saving clause in § 2255(e), for the reasons outlined above. The petition thus was properly construed by the District Court as an unauthorized successive § 2255(a) motion. Accordingly, we will affirm the District Court's order dismissing Spencer's habeas petition for lack of jurisdiction.

---

[5] That is not to say that there is an open question in that regard. Cf. Gryger v. Burke, 334 U.S. 728, 732 (1948) (holding that enhancement of defendant's sentence under Pennsylvania's habitual offender statute, using pre-statute convictions, did not make statute "invalidly retroactive"); United States v. McCalla, 38 F.3d 675, 680 (3d Cir. 1994) (holding that use of defendant's prior conviction to enhance punishment for his current offense was not a violation of the Ex Post Facto clause because the current offense was committed "subsequent to the effective date of the statutory amendment which provided for an enhanced punishment"); United States v. Washington, 109 F.3d 335, 338 (7th Cir. 1997) ("[R]ecidivist statutes do not violate the ex post facto clause of Article I or the double jeopardy clause of the fifth amendment. The three-strikes law was enacted before Washington committed the bank robberies, so he had fair warning of the consequences attached to new violent offenses") (internal citation omitted).