# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30383
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2019

Lyle W. Cayce
Clerk

EARNEST WASHINGTON, JR.,

Petitioner-Appellant

v.

J. A. BARNHART, Warden, Federal Correctional Institution Pollock,

Respondent-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-1089

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Earnest Washington, Jr., federal prisoner # 25993-044, was convicted of conspiracy to distribute heroin and conspiracy to use interstate commerce facilities in the commission of murder for hire and was sentenced to life imprisonment for each offense, to be served concurrently. He appeals the district court's denial of his 28 U.S.C. § 2241 petition, challenging his conviction for conspiracy to commit murder for hire under 18 U.S.C. § 1958(a)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the savings clause of 28 U.S.C. § 2255(e). Washington maintains that in view of *Burrage v. United States*, 571 U.S. 204 (2014), he was potentially convicted of conduct that § 1958(a) does not make criminal because the jury did not find beyond a reasonable doubt that but for his actions, the victims' deaths would not have occurred. Washington has also filed a motion to file a corrected reply brief, which is granted.

Washington actually raises two claims: (1) whether there was an error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), and (2) whether the district court used the incorrect causation standard to determine whether death resulted from his offense conduct in view of *Burrage*.

Where, as here, the district court dismisses a § 2241 petition on the pleadings, this court's review is de novo. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petitioner can attack the validity of his conviction and sentence in a § 2241 petition only if he can meet the requirements of the "savings clause" of 28 U.S.C. § 2255(e). *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). The petitioner must show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *see Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). A prisoner who wishes to proceed under the savings clause must make a showing of both actual innocence and retroactivity. *Reyes-Requena*, 243 F.3d at 903. One makes this showing by establishing that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904.

No. 18-30383

*Apprendi/Alleyne error*

Under *Apprendi*, a fact that increases the statutory maximum punishment must be alleged in the indictment and found by a jury. *See Apprendi*, 530 U.S. at 490. In 2013, the Supreme Court extended *Apprendi*'s holding to facts that increase the statutory mandatory minimum sentence. *Alleyne v. United States*, 570 U.S. 99, 103 (2013).

Washington's trial took place in August 2000, shortly after *Apprendi* was decided on June 26, 2000. *See Apprendi*, 530 U.S. at 466. The statute of conviction provides for a statutory sentencing range of zero to ten years, but if death results, the statutory sentencing range is life imprisonment or the death penalty. *See* § 1958(a). The record reflects that the jury did not make the determination of whether death resulted as a result of Washington's actions. Therefore, there was an error under *Apprendi*. *See Apprendi*, 530 U.S. at 490. However, Washington has not shown that *Apprendi* or *Alleyne* are retroactively applicable. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *see also Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016). Therefore, Washington has not shown that this claim satisfies the *Reyes-Requena* factors. *See Reyes-Requena*, 243 F.3d at 904.

*Burrage error*

In *Burrage*, the defendant was convicted of distribution of a controlled substance that resulted in death based on the jury's finding that the heroin sold by the defendant was a contributing cause of the victim's death. *Burrage*, 571 U.S. at 206-08. The Supreme Court held that the defendant could not be convicted under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless the victim's use of the drug sold by the defendant was the but-for cause of the death or injury. *Id.* at 218-19.

No. 18-30383

Washington has not shown that his *Burrage* claim satisfies the *Reyes-Requena* factors as he has not demonstrated that he may have been convicted of a nonexistent offense in view of *Burrage*. *See Reyes-Requena*, 243 F.3d at 904. There is no indication in the record which standard of causation the district court used to make its determination that death resulted from the offense. Therefore, Washington has not shown that there was error under *Burrage*. *See Burrage*, 571 U.S. 215-19. Further, even if there was *Burrage* error, the error was harmless as there was no dispute as to the cause of death of the victims. The evidence established that Washington and a codefendant shot the victims, and the victims died as a result of the gunshot wounds. *See United States v. Washington*, 318 F.3d 845, 852-54 (8th Cir. 2003). Therefore, Washington has not shown his *Burrage* claim satisfies the *Reyes-Requena* factors. *See Reyes-Requena*, 243 F.3d at 904.

AFFIRMED; MOTION TO FILE CORRECTED REPLY BRIEF GRANTED.